**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH, *Plaintiffs,* | § | |
| vs. | § | CIVIL CASE NO. 5:26-cv-05617 |
| VOLKSWAGEN GROUP OF AMERICA, INC., *Defendants.* | § | |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, VOLKSWAGEN GROUP OF AMERICA, INC. (hereinafter referred to as "VWGOA"), hereby removes this action to the United States District Court for the Western District of Texas, San Antonio Division, from the 224th Judicial District Court of Bexar County, Texas. In support thereof, VWGOA states as follows:

1. Plaintiffs CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH ("Plaintiffs") commenced this action in the 224th Judicial District Court of Bexar County, Texas, where it was given Cause No. 2025CI19148, on August 14, 2025.[1]

2. For the purposes of diversity jurisdiction, Plaintiffs are residents of Texas. Plaintiffs sought relief from a Texas court and asserted claims under Texas law. They hired a lawyer who is a member of the State Bar of Texas to prosecute

[1] For the reasons stated in its Brief in Support of Removal, which has been filed or will be shortly, this removal is timely and is not barred by the time limit in 28 U.S.C. § 1446(c)(1) because "plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

their claims. Based on the foregoing facts, Plaintiffs evidenced a desire to make Texas their home and domicile and did in fact make Texas their home and domicile during the relevant time period. Plaintiffs are, therefore, and have been at all relevant times, citizens of the State of Texas.

3. For the purposes of diversity jurisdiction, Defendant is a resident of Virginia. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). VWGoA is a foreign business corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of Virginia. Therefore, VWGOA is a resident of Fairfax County, Virginia, not Texas.

4. Plaintiffs and Defendant are residents of different states; the current Defendant is not a citizen of Texas, and the proper parties are completely diverse. This District Court has original jurisdiction over this action under 28 U.S.C. § 1332, which may be removed to this District Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action where there is complete diversity of citizenship between the parties.

5. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division under 28 U.S.C. §§ 1441(a) and 1446(a).

6. VWGOA denies that Plaintiff is entitled to any monetary recovery based on the allegations in the Complaint; however, for removal purposes, the amount in controversy is satisfied upon examination of the relief Plaintiff seeks and damages at stake. *Dart Cherokee Basin Operating Co. v Owens*, 574 U.S. 81, 89 (2014); *EMI, L.L.C. v Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). "A defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart* at 547; 554. A court can generally determine the amount in controversy "merely by looking at a plaintiff's state court complaint, along with the record as a whole." See *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir. 1993) (citations omitted). Courts consider actual damages, compensatory damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00.

7. In their state court Second Amended Petition, Plaintiff seeks monetary relief in excess of $1,000,000.00. Plaintiff seeks damages arising out of a motor vehicle collision for: (1) past and future physical pain and mental anguish; (2) past and future physical impairment and disfigurement; (3) past and future reasonable and necessary medical expenses; (4) past lost earning and future loss of earning capacity, (5) loss of consortium and household services to the extent legally recoverable; (6) property damage and loss of use to the extent proved; (7) prejudgment and post judgment interest and taxable court costs; and (8) all other relief to which Plaintiffs may be entitled under the law or in equity. As a matter of law, the amount in controversy satisfies this Court's jurisdictional requirements.

8. Therefore, the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied given Plaintiffs' claims and demands for damages.

9. The following are attached:

**Exhibit A:** Index of matters being filed;

**Exhibit B:** The State Court Docket Sheet;

**Exhibit C:** All executed processes in the case; pleadings asserting causes of action and all answers to such pleadings known in this case;

**Exhibit D:** A list of all counsel of record, including addresses, telephone numbers, and parties represented;

**Exhibit E:** JS 44 Civil Cover Sheet; and

**Exhibit F:** Supplement to JS 44 Civil Cover Sheet.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served upon all Plaintiffs' counsel and with the District Clerk of Bexar County, Texas.

11. By removing this action, VWGOA does not waive any defenses available to it and hereby reserves its right to assert any and all defenses to Plaintiffs' Petition.

12. VWGOA reserves the right to amend or supplement this Notice of Removal.

13. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

14. Pursuant to 28 U.S. Code § 1446(a), this Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, based upon the basis for removal set forth above, VWGOA respectfully removes this action from the 224th Judicial District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

Karl T. Rivas

KARL T. RIVAS
State Bar No. 00784846
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-731-6462
Facsimile: 210-757-4402
Email: krivas@namanhowell.com

**ATTORNEYS FOR DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August 2026, the foregoing document was filed with the Clerk of Court using the CM/ECF system, and was additionally served on all counsel of record via E-mail:

Jared Perkins
Email: jduff@perkinsperkinslaw.com
Eric D. Perkins
Email: eric@perkinsperkinslaw.com
John C. Duff
Email: jduff@perkinsperkinslaw.com
PERKINS & PERKINS
2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel: (361) 853-2120
Fax: (361) 333-8066

And

Sean M. Luchnick
Email: sean@luchnicklawfirm.com
Kassidee K. Luchnick
Email: kassidee@luchnicklawfirm.com
LUCHNICK LAW FIRM
15900 La Cantera Parkway, Suite 26215
San Antonio, TX 78256
Tel: (210) 342-9310
Fax: (210) 342-9390

**ATTORNEYS FOR PLAINTIFFS**

KARL T. RIVAS