# EXHIBIT C

5:26-cv-05617 Wiatrek, Individually and As Next Friend of, et al v. Volkswagen Group of America, Inc.

EXHIBIT C

CML SAC 2

FILED
8/14/2025 6:39 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Mario Hernandez
Bexar County - 224th District Court

2025CI19148

CAUSE NO. ______________

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** *Plaintiffs*, | § | **IN THE DISTRICT COURT** |
| **v.** | § | **___ JUDICIAL DISTRICT** |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL,** *Defendants*. | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME,** Plaintiffs, Casey Wiatrek, Individually and as Next Friend of B.T., a minor child, and Kristopher Tinch, and file this *Plaintiffs' Original Petition* complaining of Defendants, Volkswagen Group of America, Inc., Audi of America, LLC, ZF-TRW Automotive Holdings Corp., Faurecia USA Holdings, Inc., Cavender Autoworks, Ltd. d/b/a Audi Dominion, and Barry James Mitchell, and for cause of action would respectfully show the Court as follows:

## I.

## DISCOVERY CONTROL PLAN

1. Pursuant to the provisions of Texas Rule of Civil Procedure 190.4, Plaintiffs propose to conduct discovery according to Discovery Control Plan Level 3.

EXHIBIT C

EXHIBIT C

II.

PARTIES AND SERVICE

2. Plaintiff, Casey Wiatrek, is an individual residing in Bexar County, Texas. Ms. Wiatrek brings this suit in two capacities: Individually and as the Next Friend of B.T, Plaintiff's minor child.

3. Plaintiff, Kristopher Tinch, is an individual residing in Bexar County. Mr. Tinch is the husband of Casey Wiatrek.

4. Defendant, Volkswagen Group of America, Inc., is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 1950 Opportunity Way, Reston VA 20190. Volkswagen Group of America, Inc. may be served through its registered agent, Corporation Service Company, at 100 Shockoe Slip, Floor 2, Richmond, VA 23219. ***Issuance and service of process is requested via certified mail by the Clerk of the Court.***

5. Defendant, Audi of America, LLC, is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 1950 Opportunity Way, Reston VA 20190. Audi of America, LLC may be served through its registered agent, Corporation Service Company, at 100 Shockoe Slip, Floor 2, Richmond, VA 23219. ***Issuance and service of process is requested via certified mail by the Clerk of the Court.***.

6. Defendant, ZF-TRW Automotive Holdings Corp. (hereinafter referred to as "Defendant ZF-TRW"), is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 12001 Tech Center Drive, Livonia, MI 48150. Defendant ZF-TRW may be served through its registered agent, CSC-Lawyers Incorporating Service, at 3410 Belle Chase Way, Suite 600, Lansing, MI 48911. ***Issuance and service of process is requested via certified mail by the Clerk of the Court.***



EXHIBIT C

7. Defendant, Faurecia USA Holdings, Inc. (hereinafter referred to as "Defendant Faurecia"), is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 2800 High Meadow Circle, Auburn Hills, Michigan 48326. Defendant Faurecia may be served through its registered agent, CSC-Lawyers Incorporating Service, at 3410 Belle Chase Way, Suite 600, Lansing, MI 48911. ***Issuance and service of process is requested via certified mail by the Clerk of the Court.***

8. Defendant, Cavender Autoworks, Ltd. d/b/a Audi Dominion (hereinafter referred to as "Defendant Cavender"), is a domestic for-profit limited partnership conducting business in Bexar County, Texas with its principal place of business located at 15447 IH 10 West, San Antonio, Texas 78249. Cavender Autoworks, Ltd. d/b/a Audi Dominion may be served through its registered agent, Stephen B. Cavender, at 5778 Stemmons Road, Suite 130, San Antonio, Texas 78238. ***Issuance and service of process is requested.***

9. Defendant, Barry James Mitchell (hereinafter referred to as "Defendant Mitchell", is an individual residing in Bexar County, Texas and may be served at his home address located at 17635 Henderson Pass, San Antonio, Texas 78232. ***Issuance and service of process is requested.***

10. To the extent that any of the above-named Defendant(s) are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant(s) pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering the suit, that Defendant(s) answer in both Defendant(s)' correct legal name and Defendant(s)' assumed name(s).

11. Defendants, Volkswagen Group of America, Inc., and Audi of America, LLC, are legally and in reality, the same entity, and/or are partners, joint venturers, alter egos, agents, and/or apparent agents of the other and will be collectively referred to as the "Audi Defendants."


EXHIBIT C

EXHIBIT C

12. Defendants, Faurecia USA Holdings, Inc., and ZF-TRW Automotive Holdings Corp., are legally and in reality, the same entity, and/or are partners, joint venturers, alter egos, agents, and/or apparent agents of the other and will be collectively referred to as the "ZF-TRW Defendants."

## III.

## VENUE AND JURISDICTION

13. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000.00 for the negligent and grossly negligent conduct of Defendants.

14. The Court has jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

15. This Court has personal jurisdiction over Defendants because Defendants reside in or engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas. Thus, both general and specific personal jurisdiction exists, and exercising jurisdiction over Defendants does not offend the notions of fair play and substantial justice.

16. Plaintiffs expressly disavow that any claims are being made pursuant to federal law, treaties or constitution. Although the amount in controversy exceeds $1,000,000.00, exclusive costs and interest, there is a lack of complete diversity because of the presence of both a Plaintiff and a Defendant that is a citizen of Texas. As such, this case is not removable to federal court. Any removal would be improper and should be remedied by sanctions and a remand with an award of all costs, expenses, and fees including, but not limited to, attorneys' fees under 28 U.S.C. § 1447(c).

17. Venue is proper in Bexar County under Texas Civil Practices & Remedies Code section 15.002(a)(1) as the county in which all or a substantial part of the events or omissions


EXHIBIT C

EXHIBIT C

giving rise to the claim occurred. Furthermore, venue is proper in Bexar County as Bexar County is where Defendant Cavender has its principal place of business. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(3). Finally, venue is proper in Bexar County because Bexar County is where Defendant Mitchell resided at the time of the crash. Tex. Civ. Prac. & Rem. Code § 15.002(a)(2).

## IV.

## FACTUAL BACKGROUND

18. On or about June 16, 2024, Plaintiff Wiatrek was driving her 2020 Audi Q8 ("Vehicle") in the parking lot near in the intersection of Loop 1604 and Blanco Road, in San Antonio, Bexar County, Texas. Plaintiff Wiatrek was lawfully stopped due to traffic in the area and was waiting her turn to move forward. Defendant Mitchell, operating his 2018 Hyundai Ioniq, make an aggressive and unlawful turn in front of Plaintiff Wiatrek causing the violent collision between both vehicles. Defendant Mitchell, as told by witnesses, made a rapid and sudden turn, while attempting to avoid traffic, and caused the crash.

19. The crash caused Plaintiff' Wiatrek's Audi Q8's airbags to deploy. Plaintiff Wiatrek's airbag in her Audi Q8 exploded in her face, launching plastic and metal into her face, neck and arms. Plaintiffs have sustained serious and life-altering damages as a result of this crash and the airbag's defects.

20. Plaintiff purchased the Vehicle from Defendant Cavender in Bexar County, Texas. Upon information and belief, Defendant Cavender knew that the airbag inflator was defective and should have replaced the airbag inflator prior to the sale to Plaintiff. This incident was a foreseeable collision event arising out of ordinary use of the Vehicle at the time.

21. Upon information and belief, at the time of the incident, the Vehicle and its component sub-assemblies at issue in this action were in the same essential condition as they were



EXHIBIT C

EXHIBIT C

at the time they left the Defendant Manufacturers' control. Plaintiff purchased her vehicle from Defendant Cavender.

22. During the incident, the Vehicle's frontal driver airbag inflator exploded internally and with excessive force and cause the metal canister housing the airbag to rupture and expel sharp pieces of metal and plastic towards Plaintiff Wiatrek's body causing injury.

23. The injuries and damages sustained by Plaintiffs, as described more fully herein, would have not occurred but for the defects present in the Vehicle and its component parts on June 16, 2024, as those defects prevented a normal, safe and expected airbag deployment in the Vehicle at the time of the collision and instead caused metal and plastic to expel from the front airbag to directly and seriously injury Plaintiff Casey Wiatrek and her minor child.

**V.**

**NATURE OF CLAIM**

24. An automotive component supplier that manufactures and sells airbags in automobiles and vehicle manufacturers must take all necessary steps to ensure that its products—which can literally mean the difference between life and death in an accident—function as designed, specified, promised, and intended. Profits must take a back seat to safety for the airbag manufacturer and the automobile manufacturer in making its product sourcing decisions. Yet, Audi Defendants and Defendant Faurecia put profits ahead of safety. Faurecia cut corners to build cheaper airbags, and Audi bought its airbags from Faurecia to save money. The result is that instead of saving lives, faulty Faurecia airbags in Audi automobiles are maiming drivers and passengers involved in otherwise minor accidents. Even more alarming, rather than take the issue head-on and immediately do everything in their power to prevent further injury, Faurecia and Audi have


EXHIBIT C

EXHIBIT C

engaged in a pattern of deception and obfuscation, only very recently beginning a partial recall of affected vehicles.

25. Airbags are a critical component in the safety features of virtually every motor vehicle sold in the United States and throughout the world. Currently, under 30,000 people are killed in motor vehicle accidents each year in the United States. Remarkably, that number is nearly half of what it was in 1966, when over 50,000 Americans died in car crashes. The drastic reduction is, in large part, due to tremendous advances in vehicle occupant safety, including the widespread use of seatbelts and airbags.

26. In order to prevent serious injury and death resulting from bodily impact with the hard-interior surfaces of automobiles, like windshields, steering columns, dashboards, and pillars, upon a vehicle experiencing a specified change in velocity in a collision, accelerometers and sensors in the vehicle frame trigger the vehicle airbags to deploy. Because collisions can occur at rates of speed that can cause serious injury, to be effective, airbags must deploy timely and at appropriate velocity to be effective, but not subject the occupant to additional unnecessary harm. To accomplish this, the airbag system is through highly conductive metals, such as gold, and the airbag systems use small explosive charges to immediately inflate the airbags upon being triggered.

27. Airbags are meant to inflate timely during an automobile collision but with only such force necessary to cushion the occupant from impact to the vehicle's interior and not cause additional enhanced injury. When people operate a motor vehicle or ride in one as a passenger, they trust and rely on the manufacturers of those motor vehicles to make those vehicles safe. The defective Vehicle contained airbags manufactured by Defendant Faurecia that, instead of


EXHIBIT C

EXHIBIT C

protecting vehicle occupants from bodily injury during accidents, violently explode using excessive force, and expel lethal amounts of metal debris and shrapnel at vehicle occupants.

28. Plaintiff's Vehicle contained airbags manufactured by Defendant Faurecia that instead of protecting vehicle occupants from bodily injury during accidents, violently explode expelling sharp metal fragments into the occupant compartment and using excessive force, causing their injuries and damages.

29. Prior to designing, selecting, inspecting, testing, manufacturing, assembling, equipping, marketing, distributing, and/or selling the Vehicle, the Defendant manufacturers were all aware that there existed alternative driver's frontal airbag system designs, which were safer, more practical and were both technologically and economically feasible for inclusion in the Vehicle. Upon information and belief, these alternative designs would eliminate the defective and unsafe characteristics of the Vehicle without impairing its usefulness or making it too expensive.

## VI.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Negligence, Gross Negligence, Willful and Wanton Conduct: Design Defect as to Audi Defendants, Defendant Faurecia, and Defendant Cavender)

30. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

31. At all times relevant here, Audi Defendants, Defendant Faurecia, and Defendant Cavender designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and/or sold the Vehicle and its components, including but not limited to, equipping it with its driver's frontal airbag system.


EXHIBIT C

EXHIBIT C

32. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender designed the Vehicle and its driver's frontal airbag system and each Defendant owed Plaintiffs a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Vehicle and its components, including the driver's frontal airbag system, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

33. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender each were collectively and respectively negligent, grossly negligent, willful, wanton, reckless and careless in the design of the subject Vehicle and breached their duties of care owed to Plaintiffs by:

a. failing to adopt and implement adequate safety hierarchy procedures and policies;

b. failing to design, manufacture, test, assemble and/or install the driver's airbag system so as to prevent it from having excessively energetic propellant, deploying with excessive force, and/or from expelling shrapnel in foreseeable collisions to kill or injure drivers or passengers upon air bag deployment during the same;

c. failing to design, test, assemble and/or install the driver's airbag system so that it was properly vented and would adequately deflate under foreseeable impacts;

d. failing to ensure that the subject Vehicle was reasonably crashworthy;

e. failing to exercise reasonable care in the design of the subject Vehicle and its driver's frontal airbag system;


EXHIBIT C

EXHIBIT C

f. failing to exercise reasonable care in the testing of the subject Vehicle and its driver's frontal airbag system;

g. failing to adopt and implement adequate warnings regarding subject Vehicle and its driver's frontal airbag system;

h. failing to incorporate appropriate quality assurance procedures in design of the of the subject Vehicle and its driver's frontal airbag system;

i. and on such other and further particulars as the evidence may show.

34. At all times relevant as a direct and proximate result of Audi Defendants, Defendant Faurecia, and Defendant Cavender's negligence and the breaches complained of herein, Plaintiffs have suffered serious and permanent injuries including scarring, pain and suffering, mental anguish, and emotional distress from this crash.

**VII.**

**SECOND CLAIM FOR RELIEF**
**(Negligence, Gross Negligence, Willful and Wanton Conduct: Manufacturing Defect as to Audi Defendants, Defendant Faurecia, and Defendant Cavender)**

35. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

36. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender, took part in and/or were responsible for the manufacture, selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and/or sale of the Vehicle and its component parts, including but not limited to its defective frontal airbag system, to Plaintiffs at some point prior to the Incident.

37. Audi Defendants, Defendant Faurecia, and Defendant Cavender manufactured the Vehicle and its driver's frontal airbag system and each Defendant owed Plaintiffs a duty of



EXHIBIT C

EXHIBIT C

reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute, and sell the Vehicle and its components, including the driver's frontal airbag system, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

38. At all times relevant herein, as manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by Audi Defendants, Defendant Faurecia, and Defendant Cavender, the Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its driver's frontal airbag system is inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

39. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender each were collectively and respectively negligent, grossly negligent, willful, wanton, reckless and careless and breached their duties of care owed to Plaintiffs by:

a. failing to adopt and implement adequate safety hierarchy procedures and policies;

b. failing to manufacture, test, assemble and/or install the driver's airbag system so as to prevent it from having excessively energetic propellant, deploying with excessive force, and/or from expelling shrapnel in foreseeable collisions to kill or injure drivers or passengers upon air bag deployment during the same;

c. failing to manufacture, test, assemble and/or install the driver's airbag system so that it was properly vented and would adequately deflate under foreseeable impacts;


EXHIBIT C

EXHIBIT C

d. failing to ensure that the subject Vehicle was reasonably crashworthy;

e. failing to exercise reasonable care in the manufacture of the subject Vehicle and its driver's frontal airbag system;

f. failing to exercise reasonable care in the testing of the subject Vehicle and its driver's frontal airbag system;

g. failing to exercise reasonable care in the inspection of the subject Vehicle and its driver's frontal airbag system;

h. failing to adopt and implement adequate warnings regarding subject Vehicle and its driver's frontal airbag system;

i. failing to incorporate appropriate quality assurance procedures in manufacture of the of the subject Vehicle and its driver's frontal airbag system;

j. and on such other and further particulars as the evidence may show.

40. As a direct and proximate result of the Audi Defendants, Defendant Faurecia, and Defendant Cavender's, negligence and the breaches complained of herein, Plaintiff suffered serious and permanent injuries including scarring, pain and suffering, mental anguish, and emotional distress, from this crash.

41. By reason of the foregoing, Plaintiffs are entitled to recover for all general and special damages they sustained as a direct and proximate result of Defendants' negligent and grossly negligent acts or omissions.

**VIII.**

**THIRD CLAIM FOR RELIEF**
**(Strict Liability in Tort, Section 82.005, Tex. Civ. Prac. & Rem. Code Ann., As to Audi Defendants, Defendant Faurecia, and Defendant Cavender)**


EXHIBIT C

EXHIBIT C

42. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

43. At all times relevant herein, there was in full force and effect certain statutes of the State of Texas pertaining to Sellers of Defective Products as set forth in Section 82.005 *et seq.* of the Tex. Civ. Prac. & Rem. Code Ann.

44. Pursuant to Section 82.005 et seq. of the Tex. Civ. Prac. & Rem. Code Ann. et seq., Audi Defendants, Defendant Faurecia, and Defendant Cavender are strictly liable for designing, testing, manufacturing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

45. At all times relevant herein, the subject Vehicle and its driver's frontal airbag system was defective and unreasonably dangerous as to its design, manufacture, distribution and warnings, causing the Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

46. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender, took some part in the manufacture and sale of the subject Vehicle and its driver's frontal airbag system prior to the Incident.

47. At all times relevant, the subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred. Plaintiffs neither misused nor materially altered the subject Vehicle, and upon information and belief, the subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

48. At all times relevant herein, the subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with an excessively energetic inflator in the driver's frontal airbag system which deployed with dangerously excessive explosive


EXHIBIT C

EXHIBIT C

force, exploded and expelled sharp plastic during air bag deployment in foreseeable collisions, including during the Incident.

49. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender, were aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury posed by the Vehicle and its driver's frontal airbag system.

50. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender, had a duty to warn users of the dangers associated with by the Vehicle and its driver's frontal airbag system.

51. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

52. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender failed to design, test, manufacture, inspect, and/or sell a product that was safe for its intended use.

53. As a direct and proximate result of the Audi Defendants, Defendant Faurecia, and Defendant Cavender's, negligence and the breaches complained herein, Plaintiffs have suffered serious and permanent injuries including scarring, pain and suffering, mental anguish, and emotional distress, from this crash.

## IX.

## FOURTH CLAIM FOR RELIEF
**(Failure to Warn As to Audi Defendants, Defendant Faurecia, and Defendant Cavender)**

54. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.


EXHIBIT C

EXHIBIT C

55. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender, as manufacturers of subject Vehicle and its driver's frontal airbag system, owed duties to warn of foreseeable dangerous conditions of the subject Vehicle which would impair its safety.

56. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender knew or should have known that the subject Vehicle's driver's frontal airbag system had an excessively energetic inflator and would deploy with excessive explosive force in foreseeable collisions, as well as expel shrapnel that could injure or kill occupants.

57. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender would have had and had no reason to believe that users would realize this potential danger.

58. At all times relevant herein, Audi Defendants, Defendant Faurecia, and Defendant Cavender affirmatively failed to exercise reasonable care to inform users of the Vehicle's dangerous condition created by the excessively energetic inflator in the driver's frontal airbag system or explosive nature of the inflator that could expel shrapnel.

59. As a direct and proximate result of Audi Defendants, Defendant Faurecia, and Defendant Cavender's failure to warn of the dangers posed by the shrapnel and excessively energetic inflator in the driver's frontal airbag system in the subject Vehicle and the breaches complained herein, Victor suffered injuries including pain and suffering, mental anguish, and emotional distress, from this crash.

60. By reason of the foregoing, Plaintiffs are entitled to recover for all general and special damages she sustained as a direct and proximate result of Defendants' negligent and grossly negligent acts or omissions.



EXHIBIT C

EXHIBIT C

## X.

## FIFTH CLAIM FOR RELIEF
## (Breach of Implied Warranties As to the Audi Defendants)

61. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

62. At all times relevant herein, the Audi Defendants are and were "merchants" as to the subject Vehicle within the meaning Tex. Bus. & Com. Code Ann. § 2.104. At all times relevant herein, the Audi Defendants manufactured and sold the subject Vehicle which is a "good" within the meaning of these statutory provisions. Consequently, pursuant Tex. Bus. & Com. Code Ann. § 2.314, at the time of its sale, the Audi Defendants impliedly warranted that the subject Vehicle was merchantable, including that it was fit for its ordinary purposes as safe passenger vehicles that it could pass without objection in the trade, and that it was adequately contained, packaged, and labeled.

63. At all times relevant herein, the Audi Defendants breached the implied warranty of merchantability as it concerns Plaintiffs because the subject Vehicle was not fit for the ordinary purposes for which it was anticipated to be used—namely as a safe passenger motor vehicle

64. Specifically, the subject Vehicle's driver's frontal airbag system was unreasonably dangerous and defective because it was designed, manufactured and sold with an excessively energetic inflator in the driver's frontal airbag system which deployed with dangerously excessive explosive force and expels shrapnel during air bag deployment in foreseeable collisions, including during the Incident, which made the subject Vehicle unfit for its ordinary purpose of providing safe transportation.

65. At all times relevant herein, the Audi Defendants further breached the implied warranty of merchantability to Plaintiffs as the subject Vehicle they designed, manufactured and


EXHIBIT C

sold contained an excessively energetic inflator in the driver's frontal airbag system which deployed with dangerously excessive explosive force and expel shrapnel during air bag deployment in foreseeable collisions, including during the Incident, and, therefore, it would not pass without objection in the trade.

66. At all times relevant herein, the Audi Defendants further breached the implied warranty of merchantability to Plaintiffs because the subject Vehicle was not adequately contained, packaged, and labeled in that the directions and warnings that accompanied the subject Vehicle did not adequately instruct its owner on the proper use of the Vehicle in light of the an excessively energetic inflator in the driver's frontal airbag system which might and could explode upon airbag deployment in foreseeable collisions to expel dangerous metal shrapnel to injure drivers or passengers, including during the Incident.

67. As a proximate result of the Audi Defendants' collective and respective breaches of the implied warranty of merchantability, Plaintiffs have suffered serious and permanent injuries including scarring, pain and suffering, mental anguish, and emotional distress, from this crash.

68. By reason of the foregoing, Plaintiffs are entitled to recover for all general and special damages proximately caused by the Audi Defendants' breaches of the implied warranty of merchantability arising and resulting from this crash.

## XI.

## SIXTH CLAIM FOR RELIEF
## (Negligence and Gross Negligence as to Barry James Mitchell)

69. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.


EXHIBIT C

EXHIBIT C

70. The injuries to Plaintiffs resulted from the negligence of Defendant Mitchell who owed a duty to Plaintiffs to use reasonable care in the operation of his vehicle on a public roadway at the time of the subject crash.

71. Defendant Mitchell's negligence, carelessness, and reckless disregard of his duty consisted of the following acts and omissions, based on the information currently available to Plaintiff:

a. Defendant failed to drive an appropriate speed for the conditions;

b. Defendant failed to maintain a single lane of travel;

c. Defendant failed to maintain a proper lookout;

d. Defendant failed to control the speed of his vehicle;

e. Defendant failed to properly exercise control of his vehicle;

f. Defendant failed to safely operate the vehicle at issue;

g. Defendant failed to take proper evasive actions;

h. Defendant failed to yield to the right of way of Plaintiff;

i. Defendant failed to timely apply the brakes to avoid the collision; and

j. Other negligent acts.

72. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages complained of herein.

73. Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein. Plaintiffs would show the Court and Jury that the conduct of Defendant Mitchell described herein constitutes gross negligence as defined in Texas Civil Practice and Remedies


EXHIBIT C

EXHIBIT C

Code Section 41.011(11)(A)-(B). Defendant Mitchell is liable to Plaintiff for gross negligence—to wit:

a. Defendant consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through Defendant Mitchell's actions and/or inactions and Defendant should be held liable in punitive and exemplary damages; and

b. Defendant Mitchell's actions and/or inactions directly and proximately caused injuries to Plaintiff, which resulted in the damages detailed below.

74. Defendant Mitchell's grossly negligent conduct proximately caused injuries complained of herein by the Plaintiff, and as such, exemplary damages should be awarded to Plaintiff.

## XII.

## SEVENTH CLAIM FOR RELIEF
**(Punitive Damages as to All Defendants)**

75. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

76. In addition to the general and special damages suffered by Plaintiffs and proximately caused by the Defendant manufacturers' bad actions and inactions, as it concerns the defective operations and performance of the Vehicle on June 16, 2024, and as previously alleged and set forth in this Petition, Plaintiffs also, as a further result of Defendants' reckless, willful, negligent and grossly negligent conduct, are entitled to recover punitive damages in accordance with the law and evidence in this case in an amount to be determined at trial.

77. More specifically, the actions and inactions of Audi Defendants, Defendant Faurecia, and Defendant Cavenders were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct and caused serious and substantial harm to the


EXHIBIT C

EXHIBIT C

Plaintiffs, resulting in significant and ongoing damages arising from the Incident at issue in this Petition.

78. Furthermore, Audi Defendants, Defendant Faurecia, and Defendant Cavenders have acted with such a conscious and flagrant disregard for the rights and safety of Plaintiffs, and/or have deliberately engaged in willful, wanton and reckless disregard for the life and safety of the Plaintiffs so as to entitle them to punitive and exemplary damages in an amount sufficient to keep such wrongful conduct from being repeated.

79. The conduct of Defendants was more than momentary thoughtlessness, inadvertence, or error of judgment and was of such a character as to make Defendants guilty of gross negligence. Defendants acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others of which Defendants had actual awareness, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, Plaintiff sues for the maximum amount of exemplary damages, pursuant to Texas Civil Practice and Remedies Code § 41.003, in the amount determined by the trier of fact.

**XIII.**

**CONDITIONS PRECEDENT**

80. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

**XIV.**

**PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

81. Plaintiffs seek pre- and post-judgment interest as allowed by law.

**XV.**

**DAMAGES**


EXHIBIT C

82. Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the Court.

83. As a proximate result of the conduct of Defendants, Plaintiffs sustained serious injuries and resulting damages.

84. Plaintiff seeks monetary damages from Defendants to compensate them for the following elements of damages, including but not limited to:

a. Past and future physical pain, suffering, and mental anguish;
b. Past and future disfigurement;
c. Past and future physical impairment;
d. Past and future medical expenses;
e. Past and future loss of consortium;
f. Past and future lost wages; and
g. Past and future loss of earning capacity.

## XVI.

## JURY DEMAND

85. Plaintiffs hereby request a jury trial on this matter.

## XVII.

## NOTICE OF REQUIRED DISCLOSURES

86. Under Texas Rule of Civil procedure 194, Defendants must disclose the information and material contained in Rule 194.2 within 30 days after the filing of the first answer.

## XVIII.

## SPOLIATION AND PRESERVATION OF EVIDENCE

87. Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to, contracts, emails, business errand documents, memoranda, correspondence, financial records, airbag test results, draft TSBs, vehicle


EXHIBIT C

EXHIBIT C

inspections, diagrams, maps, photographs, videotapes, audiotapes, black-box data, Defendants' employees' files, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, logbooks, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## XIX.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment of and from said Defendants, both jointly and severally, for their actual damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiffs may show that they are justly entitled.

Respectfully submitted,

**PERKINS & PERKINS**

By: /s/ *John C. Duff*
Jared Perkins
Texas Bar No. 24106675
jared@perkinsperkinslaw.com
Eric D. Perkins
Texas Bar No. 15785060
eric@perkinsperkinslaw.com
John C. Duff
Texas Bar No. 24086979
Jduff@perkinsperkinslaw.com
2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel. (361) 853-2120
Fax. (361) 333-8066

And


EXHIBIT C

**LUCHNICK LAW FIRM**
Sean M. Luchnick
State Bar No. 24102117
sean@luchnicklawfirm.com
Kassidee K. Luchnick
State Bar No. 24093928
kassidee@luchnicklawfirm.com
15900 La Cantera Parkway, Suite 26215
San Antonio, Texas 78256
Telephone 210.342.9310
Facsimile 210.342.9390

**ATTORNEYS FOR PLAINTIFFS**



EXHIBIT C

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandy Guzman on behalf of John Duff
Bar No. 24086979
sandy@perkinsperkinslaw.com
Envelope ID: 104408564
Filing Code Description: Petition
Filing Description:
Status as of 8/15/2025 8:25 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Crystal Salazar | | crystal@perkinsperkinslaw.com | 8/14/2025 6:39:54 PM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 8/14/2025 6:39:54 PM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 8/14/2025 6:39:54 PM | SENT |
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 8/14/2025 6:39:54 PM | SENT |

EXHIBIT C

EXHIBIT C

GLORIA A. MARTINEZ
BEXAR COUNTY DISTRICT CLERK
101 W. NUEVA, SUITE 217
SAN ANTONIO, TEXAS 78205

CERTIFIED MAIL

9589 0710 5270 1178 0686 60

VOLKSWAGEN GROUP OF AMERICA, INC.
y Serving Its Registered Agent, Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219
Bertha Huchin Citation Certified Mail 2025CI19148

EXHIBIT C

FILED
11/12/2025 4:28 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Wilna Williams
Bexar County - 224th District Court

EXHIBIT C

Cause Number: 2025CI19148

District Court : 224TH

4 CIT CML
SAC 2

# GLORIA A. MARTINEZ
## Bexar County District Clerk

## REQUEST FOR PROCESS

**Style:** Casey Wiatrek ET AL **Vs.** Volkswagen Group of America, Inc. ET AL

**Request the following process:** (Please check all that Apply)

☒ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: ______

**1.**
**Name:** Volkswagen Group of America, Inc.
**Registered Agent/By Serving:** Corporation Service Company
**Address** 100 Shockoe Slip, Floor 2, Richmond, VA 23219
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☒ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**2.**
**Name:** Audi of America, LLC
**Registered Agent/By Serving:** Corporation Service Company
**Address** 100 Shockoe Slip, Floor 2, Richmond, VA 23219
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☒ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

3.
**Name:** ZF-TRW Automotive Holdings Corp.
**Registered Agent/By Serving:** CSC - Lawyers Incorporating Service
**Address** 3410 Belle Chase Way, Suite 600, Lansing, MI 48911
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☒ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

4.
**Name:** Faurecia USA Holdings, Inc.
**Registered Agent/By Serving:** CSC - Lawyers Incorporating Service
**Address** 3410 Belle Chase Way, Suite 600, Lansing, MI 48911
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☒ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

---

**Title of Document/Pleading to be Attached to Process:** Plaintiff's Original Petition

**Name of Attorney/Pro se:** John C. Duff **Bar Number:** 240869979
**Address:** 2203 Baldwin Blvd., Corpus Christi, TX 78405 **Phone Number:** (361) 853 -2120

**Attorney for Plaintiff** X **Defendant** ______ **Other** ______

*********IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED*******

EXHIBIT C

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandy Guzman on behalf of John Duff
Bar No. 24086979
sandy@perkinsperkinslaw.com
Envelope ID: 107977360
Filing Code Description: REQUEST FOR SERVICE AND PROCESS
Filing Description:
Status as of 11/13/2025 8:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 11/12/2025 4:28:35 PM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 11/12/2025 4:28:35 PM | SENT |

EXHIBIT C

Copy from re:SearchTX

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| v. | § | **BEXAR COUNTY, TEXAS** |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS, CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A/ AUDI DOMINION, AND BARRY JAMES MITCHELL** ***Defendants.*** | § | **224TH JUDICIAL DISTRICT** |

**ORIGINAL ANSWER OF DEFENDANT FAURECIA USA HOLDINGS, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Faurecia USA Holdings, Inc. (“Defendant”) in the above-styled and numbered cause, and files this, its Original Answer in response to *Plaintiff’s Original Petition*, and would respectfully show unto the Court as follows:

## I. GENERAL DENIAL

1. Defendant Faurecia USA Holdings, Inc. denies generally every allegation contained in *Plaintiff’s Original Petition* and demands strict proof by a


EXHIBIT C
Copy from re:SearchTX

EXHIBIT C

preponderance of the credible evidence as provided by Texas Rule of Civil Procedure 92 and the Texas Constitution.

## II. VERIFIED PLEAS

2. Defendant Faurecia USA Holdings, Inc. denies that it is liable in the capacity in which it has been sued.

3. Defendant Faurecia USA Holdings, Inc. denies that it "and Defendant ZF-TRW Automotive Holdings Corp. are legally and in reality the same entity, and/or are partners, joint venturers, alter egos, agents, and/or apparent agents of the other," as alleged by Plaintiffs. Defendant Faurecia USA Holdings, Inc. denies that it is the partner, joint venturer, alter ego, agent, or apparent agent of Defendant ZF-TRW Automotive Holdings Corp. This plea is verified by the attached declaration.

4. Defendant Faurecia USA Holdings, Inc. denies that it manufactured, either in whole or in part, the airbag(s) or airbag inflator that are the subject of this lawsuit, or any component thereof. This plea is verified by the attached declaration.

## III. DOCUMENTS

5. Defendant Faurecia USA Holdings, Inc. hereby provides notice of its intent to use as evidence at the trial of his case, and any other pretrial proceeding, any documents, electronic data or tangible things produced by any party or non-party witness in the course of this lawsuit. *See* TEX. R. CIV. P. 193.7.


EXHIBIT C
Copy from re:SearchTX

EXHIBIT C

## IV. PRAYER

6. For these reasons, Defendant Faurecia USA Holdings, Inc. respectfully prays that, upon final trial of this matter, this Court render judgment that plaintiffs take nothing, assess costs and attorneys' fees against plaintiffs, and award said Defendant all other relief to which they are entitled.

Dated: January 2, 2026

**HENKE & WILLIAMS, LLP**

*<u>/s/ Jett Williams</u>*
JETT WILLIAMS III
State Bar No. 21554000
JWilliams@HenkeLawFirm.com
EMILY L. WILLIAMS
State Bar No. 24093375
EWilliams@HenkeLawFirm.com
2929 Allen Parkway, 39th Floor
Houston, Texas 77019
Telephone: (713) 940-4500

**Counsel for Defendant Faurecia USA Holdings, Inc.**


EXHIBIT C
Copy from re:SearchTX

**DECLARATION OF IN SUPPORT OF VERIFIED PLEAS**

My name is Kathleen Hoekstra Boll. My date of birth is August 3, 1971. My business address is 2800 High Meadow Circle, Auburn Hills, Michigan 48326.

I have read the foregoing Answer to which this declaration is attached. I hereby declare under penalty of perjury that the statements contained in Section II, above, are true, correct, and within my personal knowledge.

Signed on January 2, 2026 in Oakland County, Michigan.

*/s/ Kathleen H. Boll* (by Emily Williams, with permission)

Kathleen Hoekstra Boll


EXHIBIT C
Copy from re:SearchTX

EXHIBIT C

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record via electronic service through the electronic filing manager ("EFM") if the following email addresses are on file with the EFM pursuant to TEX. R. CIV. P. 21a(a)(1), otherwise via electronic mail service pursuant to TEX. R. CIV. P. 21a(a)(2) on January 2, 2026:

Jared Perkins
John C. Duff
PERKINS & PERKINS
2203 Baldwin Blvd.
Corpus Christi, TX 78405
jared@perkinsperkinslaw.com
jduff@perkinsperkinslaw.com

Sean M. Luchnick
Kassidee K. Luchnick
LUCHNICK LAW FIRM
15900 La Cantera Pkwy., Suite 26212
San Antonio, TX 78256
sean@luchnicklawfirm.com
kassidee@luchnicklawfirm.com

***Attorneys for Plaintiffs***

/s/ *Jett Williams*
Jett Williams


EXHIBIT C
Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jett Williams III
Bar No. 21554000
jwilliams@henkelawfirm.com
Envelope ID: 109603012
Filing Code Description: ORIGINAL ANSWER OF
Filing Description: Faurecia USA Holdings INC
Status as of 1/2/2026 12:02 PM CST

Associated Case Party: CASEY WIATREK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 1/2/2026 11:58:03 AM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 1/2/2026 11:58:03 AM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 1/2/2026 11:58:03 AM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 1/2/2026 11:58:03 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Crystal Salazar | | crystal@perkinsperkinslaw.com | 1/2/2026 11:58:03 AM | SENT |
| Jett Williams | 21554000 | jwilliams@henkelawfirm.com | 1/2/2026 11:58:03 AM | SENT |
| Charles Henke | 784254 | chenke@henkelawfirm.com | 1/2/2026 11:58:03 AM | SENT |
| Emily Williams | 24093375 | ewilliams@henkelawfirm.com | 1/2/2026 11:58:03 AM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 1/2/2026 11:58:03 AM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 1/2/2026 11:58:03 AM | SENT |


Copy from re:SearchTX

EXHIBIT C
FILED
1/5/2026 8:38 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Norma Wagoner
Bexar County - 224th District Court

CAUSE NO. 2025CI19148

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| v. | § | 224TH JUDICIAL DISTRICT |
| VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

**VERIFIED SPECIAL APPEARANCE OF ZF TRW AUTOMOTIVE HOLDINGS CORP.**

Defendant ZF TRW AUTOMOTIVE HOLDINGS CORP. (ZF TRW AH) files this Verified Special Appearance prior to any other plea, pleading, or motion, pursuant to Texas Rule of Civil Procedure 120a, and respectfully submits as follows:

**INTRODUCTION**

ZF TRW AH is not subject to personal jurisdiction in Texas for Plaintiffs' automotive product liability claims.

Texas courts do not have *general* personal jurisdiction over ZF TRW AH because, under U.S. Supreme Court precedent, ZF TRW AH is not "at home" in Texas. It is a Delaware company with its principal place of business in Michigan. The exercise of

EXHIBIT C
Copy from re:SearchTX

general personal jurisdiction would be especially improper since ZF TRW AH does not have any corporate presence in Texas.

Texas also lacks *specific* personal jurisdiction because ZF TRW AH does not manufacture or design any products and did not manufacture or design any product at issue in this litigation. Plaintiffs cannot demonstrate the requisite connection among the defendant, the forum, and the litigation to justify specific jurisdiction.

ZF TRW AH is not properly subject to general or specific personal jurisdiction in this forum under the Due Process Clause. For these reasons, and for the reasons set forth below, ZF TRW AH requests the Court sustain its Special Appearance pursuant to Texas Rule of Civil Procedure 120a.

**JURISDICTIONAL FACTS**

ZF TRW AH is a Delaware holding company based in Michigan. Thomsen Affidavit, Ex. A, ¶ 4. It has no employees, management personnel, officers, or directors that reside or are located in Texas. *Id.* at ¶ 6(e). It does not have continuing, systematic, or substantial contacts with the State of Texas. *Id.* at ¶ 6. To the contrary:

- ZF TRW AH is not a Texas company, nor is it a resident of Texas.
- ZF TRW AH does not—and is not required to—maintain a registered agent for service of process in Texas.
- ZF TRW AH does not conduct business in Texas.
- ZF TRW AH does not have any personal or real property in Texas.

*Id.* at ¶¶ 4, 6.



Copy from re:SearchTX

EXHIBIT C

Moreover, ZF TRW AH did not supply any content for the subject 2020 Audi Q8. *Id.* at ¶ 5. In fact, ZF TRW AH does not design or manufacture products and is corporate layers above any entities that do design or manufacture products. *Id.* ZF TRW AH does not hold or own any direct or indirect interest in any entity that may have had a role in supplying the driver's airbag module or inflator in the subject vehicle. *Id.*

ZF TRW AH simply has no connection to the State of Texas or to the allegations in Plaintiffs' Original Petition. The Court should sustain ZF TRW AH's Special Appearance. TEX. R. CIV. P. 120(a).

**ARGUMENT AND AUTHORITIES**

Texas courts may assert personal jurisdiction over a nonresident if: (1) the Texas long-arm statute authorizes such jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional due process guarantees. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). Personal jurisdiction is proper only if the defendant has minimum contacts with Texas, and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)). To establish minimum contacts, the defendant must have purposefully availed itself of the privilege of conducting activities within Texas and enjoyed the benefits and protections of Texas laws. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).

Minimum contacts can be established through a showing of general jurisdiction or specific jurisdiction. *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 414 &


EXHIBIT C
Copy from re:SearchTX

EXHIBIT C

n.8, 104 S. Ct. 1868 (1984).[1] In this lawsuit, the Texas long-arm statute does not authorize the exercise of jurisdiction, and Plaintiffs cannot show ZF TRW AH has the necessary minimum contacts with Texas under a general or specific jurisdiction analysis.

**A. The Long-Arm Statute Does Not Authorize Jurisdiction over ZF TRW AH.**

Plaintiffs bear the initial burden to plead sufficient allegations to bring ZF TRW AH within the reach of Texas's long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658-60 (Tex. 2010) (failing to plead the defendants lived in Texas or conducted business in Texas or the operative facts of the claims occurred in Texas). The long-arm statute provides a nonresident does business in Texas if it: (1) contracts with a Texas resident for performance in Texas; (2) commits a tort in whole or part in the state; or (3) recruits Texas residents for employment inside or outside the state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. Plaintiffs do not allege any of the factors to invoke the long-arm statue. Even if they had, Plaintiffs cannot demonstrate ZF TRW AH is subject to the statute, as it has no appreciable contacts with Texas, and it did not supply any product at issue in the lawsuit. Thomsen Affidavit, Ex. A, ¶ 4-6.

**B. ZF TRW AH is Not Subject to General Jurisdiction in Texas.**

ZF TRW AH is not a Texas company; it is a Delaware limited liability company. *Id.* at ¶ 4. ZF TRW AH does not have its principal place of business in Texas; its

[1] ZF TRW AH acknowledges that, under current Texas law, it "assumes the burden to negate all the bases of personal jurisdiction alleged by the plaintiff." *American Type Culture Collection v. Coleman,* 83 S.W.3d 801, 807 (Tex. 2002). ZF TRW AH has met this burden. However, ZF TRW AH respectfully preserves the argument that this burden is misplaced and that the Texas special appearance burden-shifting scheme violates the Due Process clause of the 5th and 14th Amendments to the United States Constitution and the Texas Constitution's Due Course of Law provision. *See, e.g., Schaffer v. Weast,* 126 S.Ct. 528, 534 (2005).


EXHIBIT C
Copy from re:SearchTX

EXHIBIT C

principal place of business is in Michigan. *Id.* ZF TRW AH is *not* subject to general jurisdiction in Texas.

General jurisdiction exists when a defendant's affiliations with a state are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which **the corporation is fairly regarded as at home**." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (emphasis added). In other words, the defendant's contacts must be "so continuous and systematic as to render [a foreign corporation] essentially at home in the forum State." *Id.* at 919 (quotation omitted).

For a company like ZF TRW AH, the place of incorporation and the principal place of business are "paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (quotation omitted). "*Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation." *Monkton Ins. Servs., Ltd v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). *See also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), *cert denied*, 135 S. Ct. 2310 (2015); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases."); *Kipp v. Ski Enter.*


EXHIBIT C
Copy from re:SearchTX

EXHIBIT C

*Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) (noting *Goodyear*'s and *Daimler*'s "stringent criteria").

Texas is neither ZF TRW AH's place of incorporation nor ZF TRW AH's principal place of business. *See* Thomsen Affidavit, Ex. A, ¶ 4. ZF TRW AH is not "at home" in Texas. *Daimler*, 134 S. Ct. at 760. ZF TRW AH is therefore not subject to general jurisdiction in Texas.

**C. ZF TRW AH is Not Subject to Specific Jurisdiction in Texas.**

Specific jurisdiction over ZF TRW AH is improper under the Due Process Clause. Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. The key inquiry is whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A court must examine the relationship among the nonresident defendant, the forum, and the litigation itself to determine if due process requirements are satisfied. *See Burger King*, 471 U.S. at 475; *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Plaintiffs provide no allegations supporting jurisdiction over ZF TRW AH. Plaintiffs' only jurisdictional allegation is a conclusory statement directed to all Defendants, "This Court has personal jurisdiction over Defendants because Defendants reside in or engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas." Pltfs' Orig. Pet., ¶ 15. ZF TRW AH directly contradicted Plaintiffs' allegation with sworn proof. *See* Thomsen Affidavit, Ex. A, ¶¶ 4-6. There are no other


EXHIBIT C
Copy from re:SearchTX

EXHIBIT C

allegations—jurisdictional or otherwise—directed against ZF TRW AH in Plaintiffs' Original Petition. And even if there were, the allegations would fail because ZF TRW AH did not supply any content for the subject vehicle. Thomsen Affidavit, Ex. A, ¶ 5. ZF TRW AH is a nonresident, passive holding company that exists layers above any entities that design or manufacture any products.[2] *Id.* at ¶¶ 4-5. Because ZF TRW AH has no connection to the subject incident, there is simply no basis for jurisdiction.

The State of Texas lacks personal jurisdiction over ZF TRW AH. Haling ZF TRW AH into court under these circumstances would be an affront to due process. *See id.* at ¶ 8. The Court should sustain ZF TRW AH's Special Appearance.

## CONCLUSION AND PRAYER

ZF TRW AH did not supply any component of the subject vehicle. It has no meaningful contacts with Texas and is not subject to personal jurisdiction in the state. ZF TRW AH respectfully requests the Court sustain its Special Appearance, issue an order dismissing Plaintiffs' Original Petition against ZF TRW AH, and award to ZF TRW AH any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**WEINSTEIN TIPPETTS & LITTLE LLP**

By: *<u>/s/ David R. Tippetts</u>*
David R. Tippetts
State Bar No. 20065250

[2] ZF TRW AH is a separate juridical entity. *See* Thomsen Affidavit, Ex. A, ¶¶ 7(a)-(t). ZF TRW AH cannot be subject to Texas personal jurisdiction because of the contacts of its subsidiaries (if any). "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003). *See also, e.g.*, *First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 625 (1983) ("Separate legal personality has been described as an almost indispensable aspect of the public corporation" (quotation omitted)).


EXHIBIT C
Copy from re:SearchTX

Philip R. McDaniel
State Bar No. 24060249
Deborah Clinebell
State Bar No. 02542790
7500 San Felipe, Suite 500
Houston, Texas 77063
Telephone: (713) 244-0800
Facsimile: (713) 244-0801
philip.mcdaniel@wtllaw.com
debie.clinebell@wtllaw.com

**ATTORNEYS FOR DEFENDANT ZF TRW AUTOMOTIVE HOLDINGS CORP.**

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I certify that all drafted language, quotations, sources, citations, arguments, and legal analyses produced by generative A.I. in this filing, if any, have been verified as accurate through traditional (non-A.I.) legal sources, and all attorneys of record for the parties or self-represented litigant filers submitting this filing understand and acknowledge that the attorneys or self-represented litigants are responsible for their failure to comply with this order.

*/s/ David R. Tippetts*
David R. Tippetts

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2026, a true and correct copy of the foregoing instrument was served on all counsel of record in compliance with the Texas Rules of Civil Procedure.

*/s/ David R. Tippetts*
David R. Tippetts



Copy from re:SearchTX

EXHIBIT C

CAUSE NO. 2025CI19148

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| v. | § | 224TH JUDICIAL DISTRICT |
| VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

**AFFIDAVIT OF JENS THOMSEN ON BEHALF OF DEFENDANT ZF TRW AUTOMOTIVE HOLDINGS CORP.**

STATE OF MICHIGAN

COUNTY OF WAYNE

Before me, the undersigned authority, on this day personally appeared Jens Thomsen who, after being duly sworn, did depose and state as follows:

1. My name is Jens Thomsen. I am over the age of 18, of sound mind, and fully capable of making this affidavit.

2. I am Legal Counsel for ZF TRW Automotive Holdings Corp. ("ZF TRW AH"). Based upon my duties as Legal Counsel for ZF TRW AH, my investigation, my review of the corporate and business records of ZF TRW AH, and my direct personal

EXHIBIT A

EXHIBIT C

Copy from re:SearchTX

dealings, conversations, and meetings, I am personally acquainted with the facts set forth in this affidavit.

3. The factual statements made in this affidavit are true and correct. I have reviewed ZF TRW AH's Special Appearance, and the factual statements made in the Special Appearance are true and correct. The factual statements in this affidavit and the Special Appearance are based on my personal knowledge as described in paragraph 2.

4. ZF TRW AH is a holding company based in Northville, Michigan. Its principal executive offices are located at 15811 Centennial Drive, Northville, Michigan 48168. ZF TRW AH is organized under the laws of Delaware with its principal – and only – place of business in Michigan.

5. ZF TRW AH is a mere holding company. It did not supply any content for the 2020 Audi Q8 referenced in Plaintiffs' Original Petition and involved in this lawsuit. In fact, it does not design or manufacture products and is corporate layers above any entities that do design or manufacture products. ZF TRW AH does not hold or own any direct or indirect interest in any entity that may have had a role in supplying the driver's airbag module or inflator in the subject vehicle.

6. ZF TRW AH does not have widespread, systematic, or continuous contacts with Texas:

a. ZF TRW AH does not conduct any business in Texas and has not engaged in business in Texas.

b. ZF TRW AH is not qualified, licensed, or authorized to conduct business in Texas.


EXHIBIT C
Copy from re:SearchTX

c. ZF TRW AH is not required to, and has never maintained a registered agent for service of process in Texas.

d. ZF TRW AH does not own, have, control, lease, possess, or maintain any real property, office, plant, warehouse, equipment, inventory, books, bank account, records, place of business, agency, or representative in Texas.

e. ZF TRW AH does not have any employees, management personnel, officers, or directors that reside in, or are located in, Texas.

7. ZF TRW AH has scrupulously maintained a separate corporate existence from its subsidiaries:

a. ZF TRW AH is a separate and independent juridical entity.

b. ZF TRW AH's subsidiaries are separate and independent juridical entities.

c. ZF TRW AH strictly observes all corporate formalities in accordance with Delaware law.

d. ZF TRW AH's subsidiaries strictly observe all corporate formalities in accordance with applicable law.

e. ZF TRW AH is not inadequately capitalized so as to work an injustice.

f. ZF TRW AH has not inadequately capitalized its subsidiaries so as to work an injustice.



Copy from re:SearchTX

g. The corporate form of ZF TRW AH is not used as a sham to perpetrate a fraud.

h. ZF TRW AH has not used the corporate form of its subsidiaries as a sham to perpetrate a fraud.

i. ZF TRW AH was not organized and is not operated as a mere tool, marketing conduit, or other business conduit.

j. ZF TRW AH has not organized and does not operate its subsidiaries as a mere tool, marketing conduit, or other business conduit.

k. The corporate form of ZF TRW AH is not used to evade an existing legal obligation.

l. ZF TRW AH has not used the corporate form of its subsidiaries to evade an existing legal obligation.

m. The corporate form of ZF TRW AH is not used to achieve or perpetuate a monopoly.

n. ZF TRW AH has not used the corporate form of its subsidiaries to achieve or perpetuate a monopoly.

o. The corporate form of ZF TRW AH is not used to circumvent a statute.

p. ZF TRW AH has not used the corporate form of its subsidiaries to circumvent a statute.

q. The corporate form of ZF TRW AH is not used to protect against the discovery of a crime or to justify a wrong.



Copy from re:SearchTX

r. ZF TRW AH has not used the corporate form of its subsidiaries to protect against the discovery of a crime or to justify a wrong.

s. ZF TRW AH does not possess the right to control, and does not exercise control over its subsidiaries' affairs or internal business operations.

t. ZF TRW AH maintains separate books and records from its subsidiaries.

8. ZF TRW AH had no expectation, nor could it have reasonably anticipated, that it would be haled into a Texas court for any action based on any facts alleged in Plaintiffs' Original Petition. ZF TRW AH does not purposefully seek, and has not ever purposefully sought, the protection of Texas law.

I declare under penalty of perjury under the laws of the State of Texas the foregoing is true and correct.

Jens Thomsen

Jens Thomsen

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18th day of December, 2025, in Northville, Michigan.

Courtney L Ceci

Notary Public
In and for the State of Michigan

COURTNEY L CECI
Notary Public - State of Michigan
County of Wayne
My Commission Expires Mar 5, 2032
Acting in the County of Wayne





Copy from re:SearchTX

EXHIBIT C

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Courtney Rose on behalf of David Tippetts
Bar No. 20065250
courtney.rose@wtllaw.com
Envelope ID: 109633769
Filing Code Description: Special Appearance
Filing Description: of ZF TRW Automotive Holdings Corp. (Verified)
Status as of 1/5/2026 9:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charles Henke | 784254 | chenke@henkelawfirm.com | 1/5/2026 8:38:29 AM | SENT |
| Emily Williams | 24093375 | ewilliams@henkelawfirm.com | 1/5/2026 8:38:29 AM | SENT |
| Jett Williams | 21554000 | jwilliams@henkelawfirm.com | 1/5/2026 8:38:29 AM | SENT |
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 1/5/2026 8:38:29 AM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 1/5/2026 8:38:29 AM | SENT |
| Crystal Salazar | | crystal@perkinsperkinslaw.com | 1/5/2026 8:38:29 AM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 1/5/2026 8:38:29 AM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 1/5/2026 8:38:29 AM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 1/5/2026 8:38:29 AM | SENT |

EXHIBIT C
Copy from re:SearchTX

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH, *Plaintiffs,* | § § § § § § | IN THE DISTRICT COURT |
| v. | § § | 224TH JUDICIAL DISTRICT |
| VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL, *Defendants.* | § § § § § § § § | BEXAR COUNTY, TEXAS |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant VOLKSWAGEN GROUP OF AMERICA, INC. ("Defendant") in the above-numbered and entitled cause, and files this Original Answer and would respectfully show the following:

**1.**

Defendant invokes the provisions of Rule 92, Texas Rules of Civil Procedure, thereby exercising its legal right to require Plaintiff to prove all the allegations of her pleadings, and, accordingly, Defendant generally denies the allegations of Plaintiff's live pleadings and demands proof thereof by the strictest applicable burden of proof.

**2.**

For further answer, should such be necessary, Defendant pleads that Plaintiff's damages, if any, were solely caused, proximately caused, and/or contributed to by the conduct, negligent, distracted, or otherwise, of others not


EXHIBIT C

under Defendant's control, including but not limited to Plaintiff, the identity of such persons to be revealed in discovery. Defendant, therefore, invokes the provisions of Chapter 33 of the Texas Civil Practice & Remedies Code, and requests that the jury consider the percentage of fault of Plaintiff and any other person or party who may be responsible under the law.

**3.**

Defendant further pleads that it is entitled to a credit or offset for all money Plaintiff has received or may receive by way of settlement, loan, receipt, or other agreement, as allowed by Chapter 33 of the Texas Civil Practice & Remedies Code and any other applicable law.

**4.**

Defendant further pleads the limitation on recovery of medical or health care expenses found in Texas Civil Practice & Remedies Code §41.0105 and any other applicable law.

**5.**

Defendant pleads the limitation on recovery of exemplary damages as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code and any other applicable law.

**6.**

Defendant pleads the limitation on recovery of damages as set forth in Texas Civil Practice and Remedies Code §18.091 and any other applicable law.

**7.**
**JURY DEMAND**

Defendant respectfully demands a trial by jury of this cause.

EXHIBIT C

**8.**

Defendant gives notice that all documents produced by any party herein will be used at any pre-trial proceeding and at trial.

**PRAYER**

Defendant prays that the Court, after notice and hearing or trial, enter judgment in favor of Defendant, that Defendant recovers costs of court, and such other and further relief as Defendant may be entitled in law or in equity.

Respectfully submitted,

Karl T. Rivas

KARL T. RIVAS
State Bar No. 00784846
Email: krivas@namanhowell.com
SCOTT DOZIER
State Bar No. 24147587
Email: sdozier@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Tel: 210-731-6462
Fax: 210-757-4402

**ATTORNEYS FOR DEFENDANT**
**VOLKSWAGEN GROUP OF AMERICA, INC.**


EXHIBIT C

EXHIBIT C

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Texas Rules of Civil Procedure on this 8th day of January 2025, to the following counsel of record:

Jared Perkins
Email: jduff@perkinsperkinslaw.com
Eric D. Perkins
Email: eric@perkinsperkinslaw.com
John C. Duff
Email: jduff@perkinsperkinslaw.com
PERKINS & PERKINS
2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel: (361) 853-2120
Fax: (361) 333-8066

and

Sean M. Luchnick
Email: sean@luchnicklawfirm.com
Kassidee K. Luchnick
Email: kassidee@luchnicklawfirm.com
LUCHNICK LAW FIRM
15900 La Cantera Parkway, Suite 26215
San Antonio, TX 78256
Tel: (210) 342-9310
Fax: (210) 342-9390

**ATTORNEYS FOR PLAINTIFF**

Karl T. Rivas

KARL T. RIVAS


EXHIBIT C

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maria Claybourn on behalf of Karl Rivas
Bar No. 784846
mclaybourn@namanhowell.com
Envelope ID: 109804899
Filing Code Description: ORIGINAL ANSWER OF
Filing Description: VOLKSWAGEN GROUP OF AMERICA, INC.
Status as of 1/8/2026 3:20 PM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Charles Henke | 784254 | chenke@henkelawfirm.com | 1/8/2026 10:16:45 AM | SENT |
| Emily Williams | 24093375 | ewilliams@henkelawfirm.com | 1/8/2026 10:16:45 AM | SENT |
| Jett Williams | 21554000 | jwilliams@henkelawfirm.com | 1/8/2026 10:16:45 AM | SENT |
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 1/8/2026 10:16:45 AM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 1/8/2026 10:16:45 AM | SENT |
| Crystal Salazar | | crystal@perkinsperkinslaw.com | 1/8/2026 10:16:45 AM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 1/8/2026 10:16:45 AM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 1/8/2026 10:16:45 AM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 1/8/2026 10:16:45 AM | SENT |
| Maria Claybourn | | mclaybourn@namanhowell.com | 1/8/2026 10:16:45 AM | SENT |
| Scott B.Dozier | | sdozier@namanhowell.com | 1/8/2026 10:16:45 AM | SENT |
| Madeline Heindel | | mheindel@namanhowell.com | 1/8/2026 10:16:45 AM | SENT |
| Scott B. Dozier | | sdozier@namanhowell.com | 1/8/2026 10:16:45 AM | SENT |
| Karl T. Rivas | | krivas@namanhowell.com | 1/8/2026 10:16:45 AM | SENT |

EXHIBIT C

NAMAN HOWELL

**KARL T. RIVAS**
Direct: (210) 731-6462
Fax: (210) 757-4402
krivas@namanhowell.com

**Union Square II**
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
www.namanhowell.com

January 28, 2026

*VIA E-FILE TEXAS:*
224th Civil District Court
Attn: Court Clerk
Bexar County Courthouse
100 Dolorosa, 2nd Floor
San Antonio, TX 78205

**RE:** ***Casey Wiatrek, et. al. v. Volkswagen Group of America, Inc., et. al.;*** **Cause No. 2025CI19148 in the 224th Judicial District Court of Bexar County, Texas.**
**NHSL File No.: 07609.44**

Dear Clerk:

Please note that I will be on vacation on the following dates:

- **February 2 - 6, 2026;**
- **February 11 - 13, 2026;**
- **May 25 – 29, 2026;** ***and***
- **June 28 – July 2, 2026**

By copy of this letter, I request that no hearings, depositions, or case-related deadlines be set or scheduled during this period of time. Thank you.

Sincerely,

NAMAN HOWELL SMITH & LEE, PLLC

Karl T. Rivas

KTR/mvc

Cc: Jared Perkins; jared@perkinsperkinslaw.com
Eric D. Perkins; eric@perkinsperkinslaw.com
John C. Duff; jduff@perkinsperkinslaw.com
Sean M. Luchnick; sean@luchnicklawfirm.com
Kassidee K. Luchnick; kassidee@luchnicklawfirm.com

Jett Williams III; JWilliams@HenkeLawFirm.com
Emily L. Williams EWilliams@HenkeLawFirm.com


EXHIBIT C

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maria Claybourn on behalf of Karl Rivas
Bar No. 784846
mclaybourn@namanhowell.com
Envelope ID: 110577766
Filing Code Description: ATTORNEY UNAVAILABILITY NOTICE FILED FOR
Filing Description: KARL T RIVAS
Status as of 1/30/2026 9:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charles Henke | 784254 | chenke@henkelawfirm.com | 1/28/2026 7:04:58 PM | SENT |
| Emily Williams | 24093375 | ewilliams@henkelawfirm.com | 1/28/2026 7:04:58 PM | SENT |
| Jett Williams | 21554000 | jwilliams@henkelawfirm.com | 1/28/2026 7:04:58 PM | SENT |
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 1/28/2026 7:04:58 PM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 1/28/2026 7:04:58 PM | SENT |
| Crystal Salazar | | crystal@perkinsperkinslaw.com | 1/28/2026 7:04:58 PM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 1/28/2026 7:04:58 PM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 1/28/2026 7:04:58 PM | SENT |
| Karl T. Rivas | | krivas@namanhowell.com | 1/28/2026 7:04:58 PM | SENT |
| Scott B. Dozier | | sdozier@namanhowell.com | 1/28/2026 7:04:58 PM | SENT |
| Madeline Heindel | | mheindel@namanhowell.com | 1/28/2026 7:04:58 PM | SENT |
| Scott B.Dozier | | sdozier@namanhowell.com | 1/28/2026 7:04:58 PM | SENT |
| Maria Claybourn | | mclaybourn@namanhowell.com | 1/28/2026 7:04:58 PM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 1/28/2026 7:04:58 PM | SENT |
| Kassidee K. Luchnick | | kassidee@luchnicklawfirm.com | 1/28/2026 7:04:58 PM | SENT |
| Sean M. Luchnick | | sean@luchnicklawfirm.com | 1/28/2026 7:04:58 PM | SENT |

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** | § | **IN THE DISTRICT COURT** |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **224TH JUDICIAL DISTRICT** |
| | § | |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL,** | § | |
| ***Defendants.*** | § | **BEXAR COUNTY, TEXAS** |

**PLAINTIFFS' NOTICE OF NONSUIT WITHOUT PREJUDICE**

**TO THE HONORABLE JUDGE OF SAID COURT**:

Pursuant to Texas Rule of Civil Procedure 162, Plaintiffs Casey Wiatrek, Individually and as Next Friend of B.T., a minor child, and Kristopher Tinch (hereinafter "Plaintiffs") hereby file this Notice of Nonsuit WITHOUT PREJUDICE as to the following Defendants only:

1. ZF-TRW Automotive Holdings Corp.;
2. Faurecia USA Holdings, Inc.; and
3. Cavender Autoworks, Ltd. d/b/a Audi Dominion.

Plaintiffs do not nonsuit and expressly preserve all claims against all other Defendants. Plaintiffs respectfully request that the Court enter an Order of Nonsuit WITHOUT PREJUDICE as to the above-listed Defendants only.

Plaintiffs further request such other and further relief to which they may be justly entitled.


Copy from re:SearchTX

Respectfully submitted,

**PERKINS & PERKINS**

**By: /s/ *John C. Duff***
*Jared Perkins*
Texas Bar No. 24106675
jared@perkinsperkinslaw.com
*Eric D. Perkins*
Texas Bar No. 15785060
eric@perkinsperkinslaw.com
*John C. Duff*
Texas Bar No. 24086979
Jduff@perkinsperkinslaw.com
2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel. (361) 853-2120
Fax. (361) 333-8066

And

**LUCHNICK LAW FIRM**
Sean M. Luchnick
State Bar No. 24102117
sean@luchnicklawfirm.com
Kassidee K. Luchnick
State Bar No. 24093928
kassidee@luchnicklawfirm.com
15900 La Cantera Parkway, Suite 26215
San Antonio, Texas 78256
Telephone 210.342.9310
Facsimile 210.342.9390

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Plaintiffs' Notice of Nonsuit WITHOUT PREJUDICE was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 4th day of March, 2026.

**/s/ *John C. Duff***
John C. Duff



Copy from re:SearchTX

EXHIBIT C

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 112014725
Filing Code Description: NONSUIT
Filing Description:
Status as of 3/5/2026 12:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charles Henke | 784254 | chenke@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Emily Williams | 24093375 | ewilliams@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Jett Williams | 21554000 | jwilliams@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Courtney Rose | | courtney.rose@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| David R.Tippetts | | david.tippetts@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Crystal Salazar | | crystal@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Melinda Padgett | | melinda.padgett@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Karl T. Rivas | | krivas@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Debie Clinebell | | debie.clinebell@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Philip McDaniel | | philip.mcdaniel@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Scott B. Dozier | | sdozier@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Madeline Heindel | | mheindel@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Scott B.Dozier | | sdozier@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Maria Claybourn | | mclaybourn@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Sean M. Luchnick | | sean@luchnicklawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Kassidee K. Luchnick | | kassidee@luchnicklawfirm.com | 3/4/2026 4:55:41 PM | SENT |

EXHIBIT C

Copy from re:SearchTX

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** | § | **IN THE DISTRICT COURT** |
| ***Plaintiffs,*** | § | |
| | § | |
| | § | |
| **v.** | § | **224TH JUDICIAL DISTRICT** |
| | § | |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL,** | § | |
| ***Defendants.*** | § | **BEXAR COUNTY, TEXAS** |

**ORDER OF NONSUIT WITHOUT PREJUDICE**

On this day, the Court considered Plaintiffs' Notice of Nonsuit WITHOUT PREJUDICE as to ZF-TRW Automotive Holdings Corp., Faurecia USA Holdings, Inc., and Cavender Autoworks, Ltd. d/b/a Audi Dominion. The Court finds that the Notice of Nonsuit should be **GRANTED**.

IT IS THEREFORE ORDERED that all claims and causes of action asserted by Plaintiffs against ZF-TRW Automotive Holdings Corp., Faurecia USA Holdings, Inc., and Cavender Autoworks, Ltd. d/b/a Audi Dominion are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this Order of Nonsuit applies only to ZF-TRW Automotive Holdings Corp., Faurecia USA Holdings, Inc., and Cavender Autoworks, Ltd. d/b/a Audi Dominion, and that all claims asserted by Plaintiffs against all remaining Defendants shall remain pending.

EXHIBIT C

Copy from re:SearchTX

SIGNED on this ___ day of ____________, 2026.

______________________________
JUDGE PRESIDING


Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 112014725
Filing Code Description: NONSUIT
Filing Description:
Status as of 3/5/2026 12:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charles Henke | 784254 | chenke@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Emily Williams | 24093375 | ewilliams@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Jett Williams | 21554000 | jwilliams@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Courtney Rose | | courtney.rose@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| David R.Tippetts | | david.tippetts@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Crystal Salazar | | crystal@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 3/4/2026 4:55:41 PM | SENT |
| Melinda Padgett | | melinda.padgett@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Karl T. Rivas | | krivas@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Debie Clinebell | | debie.clinebell@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Philip McDaniel | | philip.mcdaniel@wtllaw.com | 3/4/2026 4:55:41 PM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Scott B. Dozier | | sdozier@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Madeline Heindel | | mheindel@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Scott B.Dozier | | sdozier@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Maria Claybourn | | mclaybourn@namanhowell.com | 3/4/2026 4:55:41 PM | SENT |
| Sean M. Luchnick | | sean@luchnicklawfirm.com | 3/4/2026 4:55:41 PM | SENT |
| Kassidee K. Luchnick | | kassidee@luchnicklawfirm.com | 3/4/2026 4:55:41 PM | SENT |



Copy from re:SearchTX

EXHIBIT C

**Cause Number: 2025CI19148**

**District Court : 224TH**

# GLORIA A. MARTINEZ
## Bexar County District Clerk

## REQUEST FOR PROCESS

**Style:** Casey Wiatrek ET AL **Vs.** Volkswagen Group of America, Inc. ET AL

**Request the following process:** (Please check all that Apply)

☒ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: ______________

**1.**
**Name:** ZF Active Safety US, Inc.
**Registered Agent/By Serving:** The Corporation Trust Company
**Address** 1209 Orange Street, Wilmington, DE 19808
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☒ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**2.**
**Name:** ZF North America, Inc.
**Registered Agent/By Serving:** Corporation Service Company
**Address** 251 Little Falls Drive, Wilmington, DE 19808
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☒ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

3.
**Name:** Barry James Mitchell
**Registered Agent/By Serving:** ______________
**Address** 17635 Henderson Pass, San Antonio, Texas 78232
**Service Type:** (Check One) ☒ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

4.
**Name:** ______________
**Registered Agent/By Serving:** ______________
**Address** ______________
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

---

**Title of Document/Pleading to be Attached to Process:** PLAINTIFFS' FIRST AMENDED PETITION

**Name of Attorney/Pro se:** John C. Duff **Bar Number:** 24086979
**Address:** 2203 Baldwin Blvd. **Phone Number:** 361-853-2120
Corpus Christi, TX 78405

**Attorney for Plaintiff** X **Defendant** ______ **Other** ______

*******IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED*******

EXHIBIT C

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** | § | **IN THE DISTRICT COURT** |
| ***Plaintiffs,*** | § | |
| **v.** | § | **224TH JUDICIAL DISTRICT** |
| | § | |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, AUDI AG, ZF ACTIVE SAFETY US, INC., ZF NORTH AMERICA, INC., ZF FRIEDRICHSHAFEN AG, TRW AUTOMOTIVE GMBH, BARRY JAMES MITCHELL, AND JOHN DOE,** | § | |
| ***Defendants.*** | § | **BEXAR COUNTY, TEXAS** |

---

**PLAINTIFFS' FIRST AMENDED PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME**, Plaintiffs, Casey Wiatrek, Individually and as Next Friend of B.T., a minor child, and Kristopher Tinch, and file this *Plaintiffs' First Amended Petition* complaining of Defendants, Volkswagen Group of America, Inc., Audi of America, LLC, Audi AG, ZF Active Safety US, Inc., ZF North America, Inc., ZF Friedrichshafen AG, TRW Automotive GmbH, and Barry James Mitchell, and for cause of action would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Pursuant to the provisions of Texas Rule of Civil Procedure 190.4, Plaintiffs propose to conduct discovery according to Discovery Control Plan Level 3.

EXHIBIT C

EXHIBIT C

## II.
## PARTIES AND SERVICE

2. Plaintiff, Casey Wiatrek, is an individual residing in Bexar County, Texas. Ms. Wiatrek brings this suit in two capacities: Individually and as the Next Friend of B.T, Plaintiff's minor child.

3. Plaintiff, Kristopher Tinch, is an individual residing in Bexar County. Mr. Tinch is the husband of Casey Wiatrek.

4. Defendant, Volkswagen Group of America, Inc., is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 1950 Opportunity Way, Reston VA 20190. Volkswagen Group of America, Inc. may be served through its registered agent, Corporation Service Company, at 100 Shockoe Slip, Floor 2, Richmond, VA 23219. ***Defendant has made an appearance.***

*5.* Defendant, Audi of America, LLC, is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 1950 Opportunity Way, Reston VA 20190. Audi of America, LLC may be served through its registered agent, Corporation Service Company, at 100 Shockoe Slip, Floor 2, Richmond, VA 23219. ***This individual has already been served.***

### Defendant Audi AG

6. Defendant Audi AG (hereinafter "Audi AG"), is a foreign corporation organized under the laws of Germany with its principal place of business located at Auto-Union-Straße 1, 85057 Ingolstadt, Germany. Audi AG does substantial business in the State of Texas and throughout the United States through its affiliated entities, including Audi of America, LLC and Volkswagen Group of America, Inc. Audi AG introduced into the stream of worldwide commerce, including Texas, vehicles and vehicle components that it designed, engineered, manufactured,


EXHIBIT C

EXHIBIT C

assembled, tested, marketed, imported, exported, distributed, and/or sold, alone or in conjunction with other entities and authorized dealers. Said vehicles and vehicle replacement parts are routinely sold in Texas through local offices, distributors, and authorized Audi dealers in Texas. Audi AG knew at all relevant times that many of its vehicles would be sold, distributed, used, and serviced in the State of Texas.

7. Audi AG designed, engineered, manufactured, assembled, tested, marketed, imported, exported, distributed and/or sold the 2020 Audi Q8 that forms the basis of this suit, including the supplemental restraint system and airbag components installed in the subject vehicle.

8. Audi AG's contacts with the State of Texas are sufficient to invoke the Court's exercise of personal jurisdiction.

9. Audi AG has sufficient contacts with Texas and engages in business in Texas such that, pursuant to Tex. Civ. Prac. & Rem. Code § 17.045(a), it may be served with Citation by serving the Texas Secretary of State as its agent, who is directed to forward duplicate copies of the Citation and this Petition by international registered mail to Audi AG, Auto-Union-Straße 1, 85057 Ingolstadt, Germany.

10. In the alternative, or in conjunction with service under the Texas Long Arm Statute, pursuant to Tex. R. Civ. P. 108a, service on Audi AG may be effected pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, by service on Audi AG, Auto-Union-Straße 1, 85057 Ingolstadt, Germany.

11. Defendant, ZF Active Safety US, Inc., is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 12001 Tech Center Drive, Livonia, MI 48150. ZF Active Safety US, Inc. may be served through its registered agent,


EXHIBIT C

The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19808. ***Issuance and service of process is requested via certified mail by the Clerk of the Court.***

12. Defendant, ZF North America, Inc., is a foreign for-profit corporation conducting business in the State of Texas with its principal place of business located at 15811 Centennial Drive, Northville, MI 48168. ZF North America, Inc. may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. ***Issuance and service of process is requested via certified mail by the Clerk of the Court.***

**Defendant ZF Friedrichshafen AG**

13. Defendant ZF Friedrichshafen AG (hereinafter "ZF"), is a foreign corporation organized under the laws of Germany with its principal place of business located at Graf-von-Soden-Platz 1, 88046 Friedrichshafen, Germany. ZF does substantial business in the State of Texas and throughout the United States through its affiliated entities and subsidiaries, including ZF Active Safety US Inc. and ZF North America, Inc. ZF introduced into the stream of worldwide commerce, including Texas, automotive components that it designed, engineered, manufactured, assembled, tested, marketed, imported, exported, distributed and/or sold, alone or in conjunction with other entities and automotive manufacturers.

14. These components include automotive safety systems such as airbag modules, airbag inflators, crash sensing systems, and related supplemental restraint system components that are incorporated into vehicles sold and operated in Texas.

15. ZF designed, engineered, manufactured, assembled, tested, marketed, imported, exported, distributed and/or sold the airbag module and/or related restraint system components installed in the subject 2020 Audi Q8 that forms the basis of this suit.

EXHIBIT C

16. ZF's contacts with the State of Texas are sufficient to invoke the Court's exercise of personal jurisdiction.

17. ZF has sufficient contacts with Texas and engages in business in Texas such that, pursuant to Tex. Civ. Prac. & Rem. Code § 17.045(a), it may be served with Citation by serving the Texas Secretary of State as its agent, who is directed to forward duplicate copies of the Citation and this Petition by international registered mail to ZF Friedrichshafen AG, Graf-von-Soden-Platz 1, 88046 Friedrichshafen, Germany.

18. In the alternative, or in conjunction with service under the Texas Long Arm Statute, pursuant to Tex. R. Civ. P. 108a, service on ZF Friedrichshafen AG may be effected pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, by service on ZF Friedrichshafen AG, Graf-von-Soden-Platz 1, 88046 Friedrichshafen, Germany.

**TRW Automotive GmbH**

19. Defendant TRW Automotive GmbH (hereinafter "TRW"), is a foreign corporation organized under the laws of Germany with its principal place of business located at Industriestraße 20, 73553 Alfdorf, Germany. Defendant TRW is a subsidiary and/or affiliated entity of ZF Friedrichshafen AG and participates in the design, manufacture, engineering, testing, and supply of automotive safety systems and restraint components.

20. Defendant TRW introduced into the stream of worldwide commerce, including Texas, automotive components that it designed, engineered, manufactured, assembled, tested, marketed, imported, exported, distributed and/or sold, alone or in conjunction with other entities and automotive manufacturers. These components include airbag modules, airbag inflators, and other supplemental restraint system components installed in vehicles sold and operated in Texas.


EXHIBIT C

EXHIBIT C

21. TRW designed, engineered, manufactured, assembled, tested, marketed, imported, exported, distributed and/or sold the airbag module and/or related restraint system components installed in the subject 2020 Audi Q8 that forms the basis of this suit.

22. TRW's contacts with the State of Texas are sufficient to invoke the Court's exercise of personal jurisdiction.

23. TRW has sufficient contacts with Texas and engages in business in Texas such that, pursuant to Tex. Civ. Prac. & Rem. Code § 17.045(a), it may be served with Citation by serving the Texas Secretary of State as its agent, who is directed to forward duplicate copies of the Citation and this Petition by international registered mail to TRW Automotive GmbH, Industriestraße 20, 73553 Alfdorf, Germany.

24. In the alternative, or in conjunction with service under the Texas Long Arm Statute, pursuant to Tex. R. Civ. P. 108a, service on TRW Automotive GmbH may be effected pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, by service on TRW Automotive GmbH, Industriestraße 20, 73553 Alfdorf, Germany.

25. Defendant, Barry James Mitchell (hereinafter referred to as "Defendant Mitchell"), is an individual residing in Bexar County, Texas and may be served at his home address located at 17635 Henderson Pass, San Antonio, Texas 78232. ***Issuance and service of process is requested.***

26. Defendant John Doe Inflator Manufacturer is a person or business entity whose identity is presently unknown to Plaintiffs despite the exercise of reasonable diligence. John Doe Inflator Manufacturer designed, manufactured, assembled, distributed, and/or supplied the airbag inflator and associated components incorporated into the airbag module installed in Plaintiffs' vehicle. The inflator is responsible for generating gas through combustion of propellant material


EXHIBIT C

EXHIBIT C

during airbag deployment. Plaintiffs allege that defects in the inflator and/or its component parts caused the expulsion of propellant material during deployment. Plaintiffs will amend this Petition to substitute the true name of this Defendant when its identity becomes known through discovery.

27. To the extent any of the above-named Defendants are conducting business under an assumed name or trade name, suit is brought against such Defendants pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs request that each such Defendant answer in its correct legal name and identify any assumed or trade names under which it conducts business.

28. Defendants Volkswagen Group of America, Inc., Audi AG, and Audi of America, LLC are related entities that participated in the design, manufacture, marketing, distribution, and placement into the stream of commerce of the subject vehicle and its component parts. At all relevant times, these Defendants acted individually and/or through their agents, employees, subsidiaries, affiliates, joint venturers, and/or alter egos, and are therefore jointly and severally liable for the conduct alleged herein. These Defendants will be collectively referred to as the "Audi Defendants."

29. Defendants ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, and TRW Automotive GmbH are related corporate entities involved in the design, manufacture, assembly, testing, marketing, and distribution of the airbag module and related restraint system components installed in Plaintiff's vehicle. At all relevant times, these Defendants acted individually and/or through their agents, employees, subsidiaries, affiliates, joint venturers, and/or alter egos, and are therefore jointly and severally liable for the conduct alleged herein. These Defendants will be collectively referred to as the "ZF-TRW Defendants."

**III.**

**JURISDICTION AND VENUE**


EXHIBIT C

EXHIBIT C

30. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000.00 for the negligent and grossly negligent conduct of Defendants.

31. The Court has jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

32. This Court has personal jurisdiction over Defendants because Defendants reside in or engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas. Thus, both general and specific personal jurisdiction exists, and exercising jurisdiction over Defendants does not offend the notions of fair play and substantial justice.

33. Plaintiffs assert no cause of action arising under federal law. Plaintiffs' references to service procedures under applicable rules and international conventions are procedural only. Although the amount in controversy exceeds $1,000,000.00, exclusive costs and interest, there is a lack of complete diversity because of the presence of both a Plaintiff and a Defendant that is a citizen of Texas. As such, this case is not removable to federal court. Any removal would be improper and should be remedied by sanctions and a remand with an award of all costs, expenses, and fees including, but not limited to, attorneys' fees under 28 U.S.C. § 1447(c).

34. Venue is proper in Bexar County under Texas Civil Practices & Remedies Code section 15.002(a)(1) as the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Furthermore, venue is proper in Bexar County because Bexar County is where Defendant Mitchell resided at the time of the crash. Tex. Civ. Prac. & Rem. Code § 15.002(a)(2).

## IV.
## FACTUAL BACKGROUND

35. On or about June 16, 2024, Plaintiff Wiatrek was driving her 2020 Audi Q8 ("Vehicle") in the parking lot area near the intersection of Loop 1604 and Blanco Road, in San


EXHIBIT C

EXHIBIT C

Antonio, Bexar County, Texas. Plaintiff Wiatrek was lawfully stopped due to traffic in the area and was waiting her turn to move forward. Defendant Mitchell, operating his 2018 Hyundai Ioniq, made an aggressive and unlawful turn in front of Plaintiff Wiatrek causing a collision between both vehicles. Defendant Mitchell, as told by witnesses, made a rapid and sudden turn, while attempting to avoid traffic, and caused the crash.

36. At all relevant times, the vehicle was equipped with a factory-installed supplemental restraint system, including front airbags, airbag control modules, crash sensors, and related components designed, manufactured, assembled, distributed, and placed into the stream of commerce by Defendants.

37. During the subject incident, the vehicle experienced a relatively minor collision event. Despite the limited severity of the impact, the vehicle's airbag restraint system deployed.

38. Electronic crash data later recovered from the vehicle indicates that the event involved a comparatively low change in velocity ("delta-V") relative to typical thresholds associated with frontal airbag deployment.

39. During deployment of the driver-side airbag module, the restraint system malfunctioned. Instead of deploying in a controlled and contained manner, the airbag system expelled multiple solid particles consistent with inflator propellant material into the passenger compartment of the vehicle.

40. These particles were ejected with sufficient force to strike Plaintiff Wiatrek and the interior of the vehicle.

41. Following the incident, inspection of the vehicle revealed numerous small, white pellet-like fragments located within the vehicle interior, including the driver-side footwell. The


EXHIBIT C

EXHIBIT C

fragments are consistent in appearance with inflator propellant material used in airbag gas generator systems.

42. Airbag inflator systems are designed so that propellant material remains contained within the inflator housing and filtration system during deployment. Under normal operation, the inflator converts propellant into gas which inflates the airbag cushion while internal filters and diffusers prevent solid debris from entering the airbag or passenger compartment.

43. The expulsion of propellant fragments into the vehicle interior is not a normal or intended characteristic of airbag deployment and indicates a malfunction within the airbag inflator or module assembly.

44. Inspection of the airbag module installed in the vehicle identified the component as an airbag module manufactured by the ZF-TRW Defendants.

45. At all relevant times, Defendants designed, manufactured, assembled, tested, marketed, distributed, and sold the airbag restraint system and its component parts, including the airbag module, inflator, sensors, and related hardware.

46. Defendants represented that the vehicle's restraint system was safe for its intended use and would deploy in a controlled manner during crash events.

47. Contrary to those representations, the airbag system in Plaintiff's vehicle was defective and unreasonably dangerous in that it deployed under circumstances where deployment was not reasonably expected and expelled solid propellant material into the vehicle interior during deployment.

48. As a result of the defective restraint system and its malfunction, Plaintiffs sustained injuries and damages.


EXHIBIT C

EXHIBIT C

49. At the time the vehicle and its restraint system were designed, manufactured, assembled, distributed, and sold, safer alternative designs existed that would have prevented the expulsion of propellant material and reduced or eliminated the risk of injury to vehicle occupants.

50. Defendants failed to design, manufacture, test, and assemble the restraint system in a manner that would prevent such hazards, rendering the vehicle and its airbag system defective and unreasonably dangerous.

51. The airbag restraint system installed in Plaintiff's vehicle was expected to deploy in a controlled and contained manner during a crash event. A properly functioning airbag inflator converts propellant into gas that inflates the airbag cushion while preventing solid propellant materials from escaping the inflator housing. The presence of propellant fragments within the passenger compartment following deployment demonstrates that the inflator and/or module failed to contain the propellant during deployment.

## V.
## NATURE OF CLAIM

52. At all relevant times, the subject vehicle was equipped with a supplemental restraint system designed to protect occupants during collision events. This system included, among other components, an airbag control module, crash sensors, airbag inflators, airbag cushions, and associated deployment hardware.

53. The airbag restraint system installed in Plaintiff's vehicle was designed, manufactured, assembled, tested, marketed, distributed, and placed into the stream of commerce by Defendants.

54. The purpose of an airbag restraint system is to deploy in a controlled and predictable manner during appropriate collision events in order to protect vehicle occupants from injury. To accomplish this function safely, the system must accurately detect crash severity,


EXHIBIT C

EXHIBIT C

determine whether deployment is appropriate, and deploy the airbag module in a manner that safely inflates the airbag cushion without releasing hazardous debris or materials into the passenger compartment.

55. The restraint system installed in Plaintiff's vehicle failed to perform these essential safety functions.

56. First, the airbag system deployed during a collision event involving a relatively low change in velocity ("delta-V") compared to conditions typically associated with frontal airbag deployment. The restraint system therefore deployed under circumstances where deployment was not reasonably expected, indicating a malfunction or defect in the crash detection and deployment system.

57. Second, during deployment of the airbag module, the system expelled solid particles consistent with inflator propellant material into the passenger compartment of the vehicle. These particles were ejected from the airbag system with sufficient force to strike the interior of the vehicle and Plaintiff.

58. Airbag inflator systems are designed so that propellant material remains contained within the inflator housing and internal filtration systems during deployment. Under normal operation, the inflator converts solid propellant into gas that inflates the airbag cushion while internal filters and diffusers prevent solid debris from entering the airbag or passenger compartment.

59. The expulsion of propellant fragments into the vehicle interior is not a normal or intended characteristic of airbag deployment and indicates that the airbag inflator and/or airbag module failed to properly contain propellant material during deployment.


EXHIBIT C

60. As a result, the airbag restraint system installed in Plaintiff's vehicle was defective and unreasonably dangerous.

61. The restraint system was defective in one or more of the following ways:

a. the system deployed during a collision event where deployment was not reasonably necessary;

b. the airbag inflator and module failed to properly contain propellant material during deployment;

c. the airbag system expelled hazardous debris into the passenger compartment during deployment; and

d. the system failed to perform in a safe and controlled manner consistent with the reasonable expectations of vehicle occupants.

62. These defects rendered the airbag restraint system unreasonably dangerous and unsafe for its intended and foreseeable use.

63. At the time the vehicle and its restraint system were designed, manufactured, assembled, distributed, and sold, safer alternative designs and manufacturing practices existed that would have prevented the expulsion of propellant material and reduced the risk of injury to vehicle occupants.

64. At all relevant times, Defendants conducted extensive design validation, engineering analysis, and safety testing of the airbag restraint system installed in Plaintiff's vehicle. Such testing necessarily includes, among other things, crash simulation modeling, sled testing, barrier crash testing, deployment threshold calibration testing, inflator containment testing, propellant burn testing, module validation testing, and vehicle-level crashworthiness testing performed during the design validation ("DV") and product validation ("PV") phases of vehicle

EXHIBIT C

development. These materials include engineering specifications, test reports, calibration data, design review documents, failure analyses, and internal communications relating to airbag deployment thresholds and inflator performance. Defendants possessed this information prior to placing the vehicle and its restraint system into the stream of commerce and such information is uniquely within Defendants' possession and control.

65. Defendants knew or should have known that the airbag restraint system posed an unreasonable risk of harm but nevertheless placed the defective system into the stream of commerce.

66. As a direct and proximate result of the defective airbag restraint system and its malfunction during the subject incident, Plaintiffs sustained injuries and damages.

## VI.
## Claims for Relief

### FIRST CLAIM FOR RELIEF

**(Negligence, Gross Negligence, Willful and Wanton Conduct – Design Defect) as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, and TRW Automotive GmbH**

67. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

68. At all relevant times, Defendants designed, engineered, tested, manufactured, assembled, marketed, distributed, and placed into the stream of commerce the supplemental restraint system installed in Plaintiff's vehicle, including the airbag control module, crash sensing system, airbag inflator, airbag module, and related deployment components.


EXHIBIT C

EXHIBIT C

69. Defendants owed Plaintiffs and other foreseeable users of the vehicle a duty to exercise reasonable care in the design, engineering, testing, validation, and integration of the airbag restraint system so that it would function safely during foreseeable collision events.

70. Defendants breached those duties by designing and approving a restraint system that was unreasonably dangerous and defective.

71. Specifically, the restraint system was defectively designed in that it permitted deployment of the airbag system under circumstances where deployment was not reasonably necessary and failed to ensure that the inflator and airbag module would safely contain propellant materials during deployment.

72. As a result of these design defects, the airbag restraint system deployed during a relatively minor collision event and expelled solid propellant particles into the passenger compartment of the vehicle.

73. A properly designed airbag restraint system should deploy only during appropriate crash conditions and should contain propellant materials within the inflator and filtration system during deployment so that solid debris is not released into the vehicle interior.

74. The restraint system installed in Plaintiff's vehicle failed to meet these fundamental safety requirements.

75. At the time the restraint system was designed, safer alternative designs existed that would have reduced or eliminated the risk of the type of malfunction experienced by Plaintiff. These safer alternative designs included, among other things, improved crash detection and deployment threshold calibration, improved inflator containment and filtration systems, and improved module design to prevent the release of propellant material during deployment.


EXHIBIT C

EXHIBIT C

76. Defendants knew or, in the exercise of ordinary care, should have known that the restraint system as designed posed an unreasonable risk of harm to vehicle occupants.

77. Despite this knowledge, Defendants continued to design, manufacture, and distribute vehicles equipped with the defective restraint system.

78. Defendants' conduct constitutes negligence.

79. Defendants' conduct further constitutes gross negligence and willful and wanton conduct in that Defendants' acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to vehicle occupants, and Defendants had actual, subjective awareness of the risks associated with the design of the restraint system but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

80. As a direct and proximate result of Defendants' negligence, gross negligence, and willful and wanton conduct in the design of the restraint system, Plaintiffs sustained injuries and damages.

## SECOND CLAIM FOR RELIEF

**(Strict Products Liability – Design Defect)**
**as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, and TRW Automotive GmbH**

81. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

82. Defendants designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce the supplemental restraint system installed in Plaintiff's vehicle, including the airbag control module, crash sensing system, airbag inflator, airbag module, and associated deployment components.


EXHIBIT C

EXHIBIT C

83. The airbag restraint system reached Plaintiffs without substantial change in the condition in which it was designed, manufactured, and distributed by Defendants.

84. The restraint system was defectively designed and unreasonably dangerous at the time it left the control of Defendants.

85. Specifically, the restraint system was defectively designed in that it permitted airbag deployment during a relatively minor collision event and failed to safely contain propellant materials within the airbag inflator and module during deployment, resulting in the expulsion of solid propellant particles into the passenger compartment.

86. The expulsion of propellant debris during airbag deployment is not an intended or acceptable characteristic of a properly designed airbag system and presents an unreasonable risk of injury to vehicle occupants.

87. At the time the restraint system was designed, there existed safer alternative designs that would have prevented or significantly reduced the risk of the occurrence experienced by Plaintiffs without substantially impairing the utility of the airbag system.

88. Such safer alternative designs included, among other things, improved crash detection and deployment threshold calibration, improved inflator containment and filtration systems, and improved module and inflator design to prevent the release of propellant materials during deployment.

89. The design defects in the restraint system were a producing cause of Plaintiff's injuries and damages.

90. Because the restraint system was defectively designed and unreasonably dangerous when it left the control of Defendants, Defendants are strictly liable for the damages suffered by Plaintiff.


EXHIBIT C

EXHIBIT C

## THIRD CLAIM FOR RELIEF

**(Negligence, Gross Negligence, and Willful and Wanton Conduct – Manufacturing Defect) as to ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, TRW Automotive GmbH, and John Doe Inflator Manufacturer**

91. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

92. At all relevant times, Defendants ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, TRW Automotive GmbH, and the John Doe Inflator Manufacturer designed, manufactured, assembled, tested, and distributed the airbag module, inflator, and related components installed in Plaintiff's vehicle.

93. These Defendants owed Plaintiffs and other foreseeable users of the vehicle a duty to exercise reasonable care in the manufacture, assembly, inspection, and quality control of the airbag module, inflator, and associated components so that the restraint system would deploy safely and without releasing hazardous materials into the passenger compartment.

94. Defendants breached those duties by manufacturing and assembling the airbag module and inflator in a defective condition.

95. Specifically, the airbag module and/or inflator installed in Plaintiff's vehicle was improperly manufactured or assembled such that solid propellant material was not properly contained within the inflator housing and filtration system during deployment.

96. As a result of this manufacturing defect, multiple solid propellant fragments were expelled from the airbag system during deployment and entered the passenger compartment of the vehicle.

97. Airbag inflator systems are designed so that propellant materials remain contained within the inflator during deployment and are converted into gas used to inflate the airbag cushion.


EXHIBIT C

EXHIBIT C

Properly manufactured inflators include filtration and containment systems designed to prevent propellant fragments or other debris from entering the airbag cushion or passenger compartment.

98. The expulsion of propellant fragments into the vehicle interior demonstrates that the airbag module and/or inflator installed in Plaintiff's vehicle deviated from its intended design and from other units manufactured according to the same specifications.

99. Defendants knew or, in the exercise of ordinary care, should have known that defects in the manufacturing or assembly of airbag inflators and modules could result in the expulsion of hazardous debris during deployment and pose a serious risk of injury to vehicle occupants.

100. Despite this knowledge, Defendants failed to implement adequate manufacturing controls, inspection procedures, testing protocols, and quality assurance measures to ensure that the airbag module and inflator were manufactured in accordance with safe specifications.

101. Defendants' conduct constitutes negligence.

102. Defendants' conduct further constitutes gross negligence and willful and wanton conduct in that Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of harm to vehicle occupants, and Defendants had actual, subjective awareness of those risks but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

103. As a direct and proximate result of these manufacturing defects and Defendants' negligent and grossly negligent conduct, Plaintiffs sustained injuries and damages.

**FOURTH CLAIM FOR RELIEF**
**(Strict Products Liability – Manufacturing Defect)**
**as to ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, TRW Automotive GmbH, and John Doe Inflator Manufacturer**


EXHIBIT C

EXHIBIT C

104. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

105. Defendants ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, TRW Automotive GmbH, and the John Doe Inflator Manufacturer designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce the airbag module, inflator, and associated components installed in Plaintiffs' vehicle.

106. The airbag module and inflator reached Plaintiffs without substantial change in the condition in which they were manufactured and distributed by Defendants.

107. The airbag module and inflator installed in Plaintiff's vehicle were defective and unreasonably dangerous at the time they left the control of Defendants because they deviated from their intended design and from other units manufactured according to the same specifications.

108. Specifically, the airbag inflator and/or module failed to properly contain propellant material during deployment and expelled solid propellant fragments into the passenger compartment of the vehicle.

109. Airbag inflators are designed so that solid propellant material remains contained within the inflator housing and internal filtration systems during deployment and is converted into gas used to inflate the airbag cushion. The release of propellant fragments into the vehicle interior demonstrates that the inflator and/or module in Plaintiff's vehicle was improperly manufactured, assembled, or constructed.

110. Because the airbag module and inflator deviated from their intended design and functioned in a manner that was unreasonably dangerous to vehicle occupants, the product was defective.


EXHIBIT C

EXHIBIT C

111. The manufacturing defects in the airbag module and inflator were a producing cause of Plaintiff's injuries and damages.

112. Accordingly, Defendants are strictly liable for the damages suffered by Plaintiff.

**FIFTH CLAIM FOR RELIEF**

**(Strict Products Liability – Failure to Warn / Marketing Defect) as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, TRW Automotive GmbH, and John Doe Inflator Manufacturer**

113. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

114. At all relevant times, Defendants designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce the airbag restraint system installed in Plaintiff's vehicle, including the airbag control module, crash sensing system, airbag inflator, airbag module, and associated deployment components.

115. Defendants had a duty to provide adequate warnings and instructions regarding the risks and dangers associated with the use and operation of the airbag restraint system.

116. Defendants knew or, in the exercise of reasonable care, should have known that defects in the airbag restraint system could cause the system to deploy improperly and could result in the release of hazardous debris or propellant material during deployment.

117. Despite this knowledge, Defendants failed to adequately warn vehicle purchasers and users of the risks associated with the restraint system.

118. Specifically, Defendants failed to warn that the airbag restraint system could deploy under circumstances involving relatively minor collision events and could release hazardous debris or propellant material into the passenger compartment during deployment.


EXHIBIT C

EXHIBIT C

119. The absence of adequate warnings and instructions rendered the airbag restraint system unreasonably dangerous.

120. If proper warnings had been provided, Plaintiffs and other users of the vehicle could have taken precautions to reduce or avoid the risk of injury associated with the defective restraint system.

121. Defendants' failure to provide adequate warnings and instructions was a producing cause of Plaintiff's injuries and damages.

122. Accordingly, Defendants are strictly liable for the damages suffered by Plaintiff.

**SIXTH CLAIM FOR RELIEF**

**(Negligence – Failure to Warn)**
**as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Active Safety US Inc., ZF North America, Inc., ZF Friedrichshafen AG, TRW Automotive GmbH, and John Doe Inflator Manufacturer**

123. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

124. At all relevant times, Defendants designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce the airbag restraint system installed in Plaintiff's vehicle, including the airbag control module, crash sensing system, airbag inflator, airbag module, and associated deployment components.

125. Defendants owed Plaintiffs and other foreseeable users of the vehicle a duty to exercise reasonable care to provide adequate warnings and instructions regarding the risks associated with the use and operation of the airbag restraint system.

126. Defendants knew or, in the exercise of ordinary care, should have known that defects in the airbag restraint system could cause the system to deploy improperly and could result in the expulsion of hazardous debris or propellant material during deployment.


EXHIBIT C

EXHIBIT C

127. Despite this knowledge, Defendants failed to exercise reasonable care in warning vehicle purchasers and users of the risks associated with the restraint system.

128. Defendants failed to provide adequate warnings or instructions informing users that the airbag restraint system could deploy during relatively minor collision events or that defects in the inflator or module could result in the release of propellant debris during deployment.

129. A reasonably prudent manufacturer and distributor under the same or similar circumstances would have provided adequate warnings and instructions to reduce or eliminate the risk of harm associated with the restraint system.

130. Defendants' failure to provide adequate warnings and instructions constitutes negligence.

131. Defendants' negligent failure to warn was a proximate cause of Plaintiff's injuries and damages.

## SEVENTH CLAIM FOR RELIEF

**(Breach of Implied Warranty of Merchantability)**
**as to Audi of America, LLC, Volkswagen Group of America, Inc., ZF Active Safety US Inc., ZF North America, Inc., and John Doe Inflator Manufacturer**

132. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

133. At all relevant times, Defendants Audi of America, LLC, Volkswagen Group of America, Inc., ZF Active Safety US Inc., ZF North America, Inc., and the John Doe Inflator Manufacturer were engaged in the business of designing, manufacturing, marketing, distributing, and selling vehicles and vehicle components, including the airbag restraint system installed in Plaintiff's vehicle.


EXHIBIT C

EXHIBIT C

134. When Defendants placed the vehicle and its airbag restraint system into the stream of commerce, they impliedly warranted that the vehicle and its component parts were merchantable and fit for their ordinary and intended purposes.

135. The ordinary and intended purpose of an airbag restraint system is to deploy safely during appropriate collision events in order to protect vehicle occupants from injury without creating additional hazards.

136. The airbag restraint system installed in Plaintiff's vehicle was not merchantable and was not fit for its ordinary and intended purpose because it deployed improperly and expelled solid propellant material into the passenger compartment of the vehicle during deployment.

137. As a result, the vehicle and its airbag restraint system were defective and unfit for their ordinary use.

138. Defendants breached the implied warranty of merchantability when they sold and distributed the defective vehicle and restraint system.

139. Plaintiffs relied on Defendants' implied warranties that the vehicle and its safety systems were safe and fit for their intended use.

140. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs sustained injuries and damages.

**EIGHTH CLAIM FOR RELIEF**

**(Negligence and Gross Negligence as to Barry James Mitchell)**

141. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.


EXHIBIT C

EXHIBIT C

142. The injuries to Plaintiffs resulted from the negligence of Defendant Mitchell who owed a duty to Plaintiffs to use reasonable care in the operation of his vehicle on a public roadway at the time of the subject crash.

143. Defendant Mitchell's negligence, carelessness, and reckless disregard of his duty consisted of the following acts and omissions, based on the information currently available to Plaintiff:

a. Defendant failed to drive an appropriate speed for the conditions;

b. Defendant failed to maintain a single lane of travel;

c. Defendant failed to maintain a proper lookout;

d. Defendant failed to control the speed of his vehicle;

e. Defendant failed to properly exercise control of his vehicle;

f. Defendant failed to safely operate the vehicle at issue;

g. Defendant failed to take proper evasive actions;

h. Defendant failed to yield to the right of way of Plaintiff;

i. Defendant failed to timely apply the brakes to avoid the collision; and

j. Other negligent acts.

144. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages complained of herein.

145. Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein. Plaintiffs would show the Court and Jury that the conduct of Defendant Mitchell described herein constitutes gross negligence as defined in Texas Civil Practice and Remedies


EXHIBIT C

EXHIBIT C

Code Section 41.011(11)(A)-(B). Defendant Mitchell is liable to Plaintiffs for gross negligence—to wit:

a. Defendant consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through Defendant Mitchell's actions and/or inactions and Defendant should be held liable in punitive and exemplary damages; and

b. Defendant Mitchell's actions and/or inactions directly and proximately caused injuries to Plaintiff, which resulted in the damages detailed below.

146. Defendant Mitchell's grossly negligent conduct proximately caused injuries complained of herein by the Plaintiff, and as such, exemplary damages should be awarded to Plaintiff.

**NINTH CLAIM FOR RELIEF**

**(Exemplary Damages Based on Gross Negligence)**
**as to All Defendants**

147. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

148. Plaintiffs seek exemplary damages against those Defendants whose conduct constitutes gross negligence as alleged herein.

149. At all relevant times, Defendants were responsible for the design, manufacture, testing, validation, marketing, and distribution of the airbag restraint system installed in Plaintiff's vehicle.

150. Defendants knew, or in the exercise of reasonable care should have known, that defects in the airbag restraint system could result in improper deployment and the expulsion of hazardous debris or propellant material during deployment, creating a serious risk of injury to vehicle occupants.


EXHIBIT C

EXHIBIT C

151. Despite this knowledge, Defendants continued to design, manufacture, distribute, and sell vehicles equipped with the defective restraint system without implementing adequate design safeguards, manufacturing controls, testing procedures, or warnings necessary to protect vehicle occupants.

152. Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to vehicle occupants.

153. Defendants had actual, subjective awareness of the risks associated with the defective restraint system but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

154. Defendants' acts and omissions therefore constitute gross negligence as defined by Texas Civil Practice and Remedies Code § 41.001.

155. As a result of Defendants' gross negligence, Plaintiffs are entitled to recover exemplary damages in an amount sufficient to punish Defendants and deter similar conduct in the future pursuant to Texas Civil Practice and Remedies Code Chapter 41.

## VII.
## CONDITIONS PRECEDENT

156. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

157. Plaintiffs seek pre- and post-judgment interest as allowed by law.

## IX.
## DAMAGES

158. Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the Court.


EXHIBIT C

EXHIBIT C

159. As a proximate result of the conduct of Defendants, Plaintiffs sustained serious injuries and resulting damages.

160. Plaintiffs seek monetary damages from Defendants to compensate them for the following elements of damages, including but not limited to:

a. Past and future physical pain, suffering, and mental anguish;
b. Past and future disfigurement;
c. Past and future physical impairment;
d. Past and future medical expenses;
e. Past and future loss of consortium;
f. Past and future lost wages; and
g. Past and future loss of earning capacity.

## X.
## JURY DEMAND

161. Plaintiffs hereby request a jury trial on this matter.

## XI.
## NOTICE OF REQUIRED DISCLOSURES

162. Under Texas Rule of Civil procedure 194, Defendants must disclose the information and material contained in Rule 194.2 within 30 days after the filing of the first answer.

## XII.
## SPOLIATION AND PRESERVATION OF EVIDENCE

163. Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to, contracts, emails, business records, documents, memoranda, correspondence, financial records, airbag test results, draft TSBs, vehicle inspections, diagrams, maps, photographs, videotapes, audiotapes, black-box data, Defendants' employees' files, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, logbooks, or information related to the subject claim/incident. Failure to maintain such items shall constitute a "spoliation" of the evidence.


EXHIBIT C

EXHIBIT C

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment of and from said Defendants, both jointly and severally, for their actual damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiffs may show that they are justly entitled.

Respectfully submitted,

**PERKINS & PERKINS**

**By: /s/ *John C. Duff***
*Jared Perkins*
Texas Bar No. 24106675
jared@perkinsperkinslaw.com
*Eric D. Perkins*
Texas Bar No. 15785060
eric@perkinsperkinslaw.com
*John C. Duff*
Texas Bar No. 24086979
Jduff@perkinsperkinslaw.com
2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel. (361) 8532120
Fax. (361) 3338066

And

**LUCHNICK LAW FIRM**
Sean M. Luchnick
State Bar No. 24102117
sean@luchnicklawfirm.com
Kassidee K. Luchnick
State Bar No. 24093928
kassidee@luchnicklawfirm.com
15900 La Cantera Parkway, Suite 26215


EXHIBIT C

San Antonio, Texas 78256
Telephone 210.342.9310
Facsimile 210.342.9390

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Plaintiffs' First Amended Petition was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 13th day of March, 2026.

/s/ ***John C. Duff***
John C. Duff


EXHIBIT C

EXHIBIT C

CAUSE NO. 2025CI19148

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| v. | § | 224TH JUDICIAL DISTRICT |
| VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

**SPECIAL APPEARANCE OF ZF NORTH AMERICA, INC.**

Defendant ZF North America, Inc. ("ZF NA") files this Special Appearance prior to any other plea, pleading, or motion, pursuant to Texas Rule of Civil Procedure 120a, and respectfully submits as follows:

**INTRODUCTION**

ZF NA is not subject to personal jurisdiction in Texas for Plaintiffs' automotive product liability claims.

Texas courts do not have *general* personal jurisdiction over ZF NA because, under U.S. Supreme Court precedent, ZF NA is not "at home" in Texas. It is a Delaware company with its principal place of business in Michigan. The exercise of general

EXHIBIT C

personal jurisdiction would be especially improper since ZF NA does not have any corporate presence in Texas.

Texas also lacks *specific* personal jurisdiction because ZF NA did not design, manufacture, sell, or supply the airbag module, airbag inflator, or any product at issue in this litigation. Plaintiffs cannot demonstrate the requisite connection among the defendant, the forum, and the litigation to justify specific jurisdiction.

ZF NA is not properly subject to general or specific personal jurisdiction in this forum under the Due Process Clause. For these reasons, and for the reasons set forth below, ZF NA requests the Court sustain its Special Appearance pursuant to Texas Rule of Civil Procedure 120a.

**JURISDICTIONAL FACTS**

ZF NA is a Delaware company based in Michigan. It has no employees, management personnel, officers, or directors that reside or are located in Texas. It does not have continuing, systematic, or substantial contacts with the State of Texas. ZF NA is not a Texas company, nor is it a resident of Texas. ZF NA does not—and is not required to—maintain a registered agent for service of process in Texas.

Moreover, ZF NA did not supply any content for the subject 2020 Audi Q8. ZF NA did not design, manufacture, sell, or supply the airbag module, airbag inflator, or any product at issue in this litigation. ZF NA maintains a separate corporate existence from its subsidiaries and affiliates, observes all corporate formalities, maintains separate books and records from its subsidiaries and affiliates, and does not possess the right to control its subsidiaries' or affiliates' affairs or internal business operations.

EXHIBIT C

ZF NA simply has no connection to the State of Texas or to the allegations in Plaintiffs' First Amended Petition. The Court should sustain ZF NA's Special Appearance. TEX. R. CIV. P. 120(a).

**ARGUMENT AND AUTHORITIES**

Texas courts may assert personal jurisdiction over a nonresident if: (1) the Texas long-arm statute authorizes such jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional due process guarantees. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). Personal jurisdiction is proper only if the defendant has minimum contacts with Texas, and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)). To establish minimum contacts, the defendant must have purposefully availed itself of the privilege of conducting activities within Texas and enjoyed the benefits and protections of Texas laws. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).

Minimum contacts can be established through a showing of general jurisdiction or specific jurisdiction. *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 414 & n.8, 104 S. Ct. 1868 (1984).[1] In this lawsuit, the Texas long-arm statute does not

[1] ZF NA acknowledges that, under current Texas law, it "assumes the burden to negate all the bases of personal jurisdiction alleged by the plaintiff." *American Type Culture Collection v. Coleman,* 83 S.W.3d 801, 807 (Tex. 2002). ZF NA has met this burden. However, ZF NA respectfully preserves the argument that this burden is misplaced and that the Texas special appearance burden-shifting scheme violates the Due Process clause of the 5th and 14th Amendments to the United States Constitution and the Texas Constitution's Due Course of Law provision. *See, e.g., Schaffer v. Weast,* 126 S.Ct. 528, 534 (2005).


EXHIBIT C

EXHIBIT C

authorize the exercise of jurisdiction, and Plaintiffs cannot show ZF NA has the necessary minimum contacts with Texas under a general or specific jurisdiction analysis.

**A. The Long-Arm Statute Does Not Authorize Jurisdiction over ZF NA.**

Plaintiffs bear the initial burden to plead sufficient allegations to bring ZF NA within the reach of Texas's long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658-60 (Tex. 2010) (failing to plead the defendants lived in Texas or conducted business in Texas or the operative facts of the claims occurred in Texas). The long-arm statute provides a nonresident does business in Texas if it: (1) contracts with a Texas resident for performance in Texas; (2) commits a tort in whole or part in the state; or (3) recruits Texas residents for employment inside or outside the state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. Plaintiffs do not allege any of the factors to invoke the long-arm statue. Even if they had, Plaintiffs cannot demonstrate ZF NA is subject to the statute, as it has no appreciable contacts with Texas, and it did not supply any product at issue in the lawsuit.

**B. ZF NA is Not Subject to General Jurisdiction in Texas.**

ZF NA is not a Texas company; it is a Delaware corporation. ZF NA does not have its principal place of business in Texas; its principal place of business is in Michigan. ZF NA is *not* subject to general jurisdiction in Texas.

General jurisdiction exists when a defendant's affiliations with a state are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. "For an individual, the paradigm forum for the exercise of general jurisdiction is the


EXHIBIT C

EXHIBIT C

individual's domicile; for a corporation, it is an equivalent place, one in which **the corporation is fairly regarded as at home**." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (emphasis added). In other words, the defendant's contacts must be "so continuous and systematic as to render [a foreign corporation] essentially at home in the forum State." *Id.* at 919 (quotation omitted).

For a company like ZF NA, the place of incorporation and the principal place of business are "paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (quotation omitted). "*Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation." *Monkton Ins. Servs., Ltd v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). *See also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), *cert denied*, 135 S. Ct. 2310 (2015); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases."); *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) (noting *Goodyear*'s and *Daimler*'s "stringent criteria").

Texas is neither ZF NA's place of incorporation nor ZF NA's principal place of business. ZF NA is not "at home" in Texas. *Daimler*, 134 S. Ct. at 760. ZF NA is therefore not subject to general jurisdiction in Texas.


EXHIBIT C

### C. ZF NA is Not Subject to Specific Jurisdiction in Texas.

Specific jurisdiction over ZF NA is improper under the Due Process Clause. Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. The key inquiry is whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A court must examine the relationship among the nonresident defendant, the forum, and the litigation itself to determine if due process requirements are satisfied. *See Burger King*, 471 U.S. at 475; *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Plaintiffs provide no allegations supporting jurisdiction over ZF NA. Plaintiffs' only jurisdictional allegation is a conclusory statement directed to all Defendants, "This Court has personal jurisdiction over Defendants because Defendants reside in or engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas." Pltfs' First Amended Pet., ¶ 32. There are no other jurisdictional allegations directed against ZF NA in Plaintiffs' First Amended Petition. And even if there were, the allegations would fail because ZF NA did not supply any content for the subject vehicle or design, manufacture, sell, or supply the airbag module, airbag inflator, or any product at issue in this litigation. ZF NA maintains a separate corporate existence from its subsidiaries and affiliates, observes all corporate formalities, maintains separate books and records from its subsidiaries and affiliates, and does not possess the right to control its subsidiaries' or affiliates' affairs or internal business operations. ZF NA is a nonresident judicial entity

EXHIBIT C

separate from any affiliate that may have supplied the component products at issue. Because ZF NA has no connection to the subject incident, there is simply no basis for jurisdiction.

The State of Texas lacks personal jurisdiction over ZF NA. Haling ZF NA into court under these circumstances would be an affront to due process. The Court should sustain ZF NA's Special Appearance.

## CONCLUSION AND PRAYER

ZF NA did not supply any component of the subject vehicle. It has no meaningful contacts with Texas and is not subject to personal jurisdiction in the state. ZF NA respectfully requests the Court sustain its Special Appearance, issue an order dismissing Plaintiffs' First Amended Petition against ZF NA, and award to ZF NA any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**WEINSTEIN TIPPETTS & LITTLE LLP**

By: */s/ David R. Tippetts*
David R. Tippetts
State Bar No. 20065250
Philip R. McDaniel
State Bar No. 24060249
Deborah Clinebell
State Bar No. 02542790
7500 San Felipe, Suite 500
Houston, Texas 77063
Telephone: (713) 244-0800
Facsimile: (713) 244-0801
david.tippetts@wtllaw.com
philip.mcdaniel@wtllaw.com
debie.clinebell@wtllaw.com


EXHIBIT C

**ATTORNEYS FOR DEFENDANT**
**ZF NORTH AMERICA INC.**

**CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE**

I certify that all drafted language, quotations, sources, citations, arguments, and legal analyses produced by generative A.I. in this filing, if any, have been verified as accurate through traditional (non-A.I.) legal sources, and all attorneys of record for the parties or self-represented litigant filers submitting this filing understand and acknowledge that the attorneys or self-represented litigants are responsible for their failure to comply with this order.

*/s/ David R. Tippetts*
David R. Tippetts

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2026, a true and correct copy of the foregoing instrument was served on all counsel of record in compliance with the Texas Rules of Civil Procedure.

*/s/ David R. Tippetts*
David R. Tippetts


EXHIBIT C

NAMAN HOWELL

**KARL T. RIVAS**
Direct: (210) 731-6462
Fax: (210) 757-4402
krivas@namanhowell.com

**Union Square II**
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
www.namanhowell.com

June 29, 2026

*VIA E-FILE:*
224th Civil District Court
Attn: Court Clerk
Bexar County Courthouse
100 Dolorosa, 2nd Floor
San Antonio, TX 78205

**RE: *Casey Wiatrek, et. al. v. Volkswagen Group of America, Inc., et. al.;* Cause No. 2025CI19148 in the 224th Judicial District Court of Bexar County, Texas.**
**NHSL File No. 07609.0160**

Dear Clerk:

Please note that I will be on vacation on the following dates:

- **June 28 – July 2, 2026;**
- **July 13 – July 17, 2026;**
- **September 15 – September 18, 2026; and**
- **May 27 – June 10, 2027.**

By copy of this letter, I request that no hearings, depositions, or case-related deadlines be set or scheduled during this period of time. Thank you.

Sincerely,

NAMAN HOWELL SMITH & LEE, PLLC

Karl T. Rivas

Karl T. Rivas

KTR/mvc

Cc: Jared Perkins; *jared@perkinsperkinslaw.com*

Eric D. Perkins; *eric@perkinsperkinslaw.com*

John C. Duff; *jduff@perkinsperkinslaw.com*

Sean M. Luchnick; *sean@luchnicklawfirm.com*

Kassidee K. Luchnick; *kassidee@luchnicklawfirm.com*

Jett Williams III; *JWilliams@HenkeLawFirm.com*

Emily L. Williams; *EWilliams@HenkeLawFirm.com*


EXHIBIT C

EXHIBIT C

**Cause Number:** 2025CI19148

**District Court :** 224TH

# GLORIA A. MARTINEZ
## Bexar County District Clerk

## REQUEST FOR PROCESS

**Style:** Casey Wiatrek ET AL **Vs.** Volkswagen Group of America, Inc. ET AL

**Request the following process:** (Please check all that Apply)

☒ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: ____________

**1.**
**Name:** Audi AG
**Registered Agent/By Serving:** ____________
**Address** Auto-Union-Straße 1, 85057 Ingolstadt, Germany
**Service Type:** (Check One) ☒ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**2.**
**Name:** ZF Friedrichshafen AG
**Registered Agent/By Serving:** ____________
**Address** Graf-von-Soden-Platz 1, 88046 Friedrichshafen, Germany
**Service Type:** (Check One) ☒ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

3.
**Name:** TRW Automotive GmbH
**Registered Agent/By Serving:** ____________
**Address** Industriestraße 20, 73553 Alfdorf, Germany
**Service Type:** (Check One) ☒ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

4.
**Name:** ____________
**Registered Agent/By Serving:** ____________
**Address** ____________
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

---

**Title of Document/Pleading to be Attached to Process:** PLAINTIFFS' FIRST AMENDED PETITION

**Name of Attorney/Pro se:** John C. Duff **Bar Number:** 24086979
**Address:** 2203 Baldwin Blvd. **Phone Number:** 361-853-2120
Corpus Christi, TX 78405

**Attorney for Plaintiff** X **Defendant** ______ **Other** ______

*******IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED*******

EXHIBIT C

EXHIBIT C

CAUSE NO. 2025CI19148

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| v. | § | 224TH JUDICIAL DISTRICT |
| VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

**AMENDED SPECIAL APPEARANCE OF ZF NORTH AMERICA, INC.**

Defendant ZF North America, Inc. ("ZF NA") files this Amended Special Appearance prior to any other plea, pleading, or motion, pursuant to Texas Rule of Civil Procedure 120a, and respectfully submits as follows:

## INTRODUCTION

ZF NA is not subject to personal jurisdiction in Texas for Plaintiffs' automotive product liability claims.

Texas courts do not have *general* personal jurisdiction over ZF NA because, under U.S. Supreme Court precedent, ZF NA is not "at home" in Texas. It is a Delaware company with its principal place of business in Michigan. The exercise of general

EXHIBIT C

personal jurisdiction would be especially improper since ZF NA does not have any appreciable corporate presence in Texas.

Texas also lacks *specific* personal jurisdiction because ZF NA did not design, manufacture, sell, or supply the airbag module, airbag inflator, or any product at issue in this litigation. Plaintiffs cannot demonstrate the requisite connection among the defendant, the forum, and the litigation to justify specific jurisdiction.

ZF NA is not properly subject to general or specific personal jurisdiction in this forum under the Due Process Clause. For these reasons, and for the reasons set forth below, ZF NA requests the Court sustain its Special Appearance pursuant to Texas Rule of Civil Procedure 120a.

## JURISDICTIONAL FACTS

ZF NA is a Delaware company based in Michigan. Thomsen Affidavit, Ex. A, ⁋ 4. It has no employees, management personnel, officers, or directors that reside or are located in Texas. *Id.* at ⁋ 6(c). It does not have continuing, systematic, or substantial contacts with the State of Texas. *Id.* at ⁋ 6(c). ZF NA is not a Texas company, nor is it a resident of Texas. *Id.* at ⁋⁋ 4, 6(a). ZF NA does not—and is not required to—maintain a registered agent for service of process in Texas. *Id.* at ⁋ 6(b).

Moreover, ZF NA did not supply any content for the subject 2020 Audi Q8. *Id.* at ⁋ 5. ZF NA did not design, manufacture, sell, or supply the airbag module, airbag inflator, or any product at issue in this litigation. *Id.* ZF NA maintains a separate corporate existence from its subsidiaries and affiliates, observes all corporate formalities, maintains separate books and records from its subsidiaries and affiliates, and does not


EXHIBIT C

EXHIBIT C

possess the right to control its subsidiaries' or affiliates' affairs or internal business operations. *Id.* at ⁋ 7.

ZF NA simply has no connection to the State of Texas or to the allegations in Plaintiffs' First Amended Petition. The Court should sustain ZF NA's Special Appearance. TEX. R. CIV. P. 120(a).

**ARGUMENT AND AUTHORITIES**

Texas courts may assert personal jurisdiction over a nonresident if: (1) the Texas long-arm statute authorizes such jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional due process guarantees. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). Personal jurisdiction is proper only if the defendant has minimum contacts with Texas, and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)). To establish minimum contacts, the defendant must have purposefully availed itself of the privilege of conducting activities within Texas and enjoyed the benefits and protections of Texas laws. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).

Minimum contacts can be established through a showing of general jurisdiction or specific jurisdiction. *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 414 & n.8, 104 S. Ct. 1868 (1984).[1] In this lawsuit, the Texas long-arm statute does not

---

[1] ZF NA acknowledges that, under current Texas law, it "assumes the burden to negate all the bases of personal jurisdiction alleged by the plaintiff." *American Type Culture Collection v. Coleman,* 83 S.W.3d 801, 807 (Tex. 2002). ZF NA has met this burden. However, ZF NA respectfully preserves the argument that this burden is


EXHIBIT C

authorize the exercise of jurisdiction, and Plaintiffs cannot show ZF NA has the necessary minimum contacts with Texas under a general or specific jurisdiction analysis.

**A. The Long-Arm Statute Does Not Authorize Jurisdiction over ZF NA.**

Plaintiffs bear the initial burden to plead sufficient allegations to bring ZF NA within the reach of Texas's long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658-60 (Tex. 2010) (failing to plead the defendants lived in Texas or conducted business in Texas or the operative facts of the claims occurred in Texas). The long-arm statute provides a nonresident does business in Texas if it: (1) contracts with a Texas resident for performance in Texas; (2) commits a tort in whole or part in the state; or (3) recruits Texas residents for employment inside or outside the state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. Plaintiffs do not allege any of the factors to invoke the long-arm statue. Even if they had, Plaintiffs cannot demonstrate ZF NA is subject to the statute, as it has no appreciable contacts with Texas, and it did not supply any product at issue in the lawsuit. Thomsen Affidavit, Ex. A, ⁋⁋ 4-6.

**B. ZF NA is Not Subject to <u>General</u> Jurisdiction in Texas.**

ZF NA is not a Texas company; it is a Delaware corporation. *Id.* at ⁋ 4. ZF NA does not have its principal place of business in Texas; its principal place of business is in Michigan. *Id.* ZF NA is *not* subject to general jurisdiction in Texas.

General jurisdiction exists when a defendant's affiliations with a state are "so substantial and of such a nature as to justify suit against it on causes of action arising

---

misplaced and that the Texas special appearance burden-shifting scheme violates the Due Process clause of the 5th and 14th Amendments to the United States Constitution and the Texas Constitution's Due Course of Law provision. *See, e.g., Schaffer v. Weast,* 126 S.Ct. 528, 534 (2005).


EXHIBIT C

EXHIBIT C

from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which **the corporation is fairly regarded as at home**." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (emphasis added). In other words, the defendant's contacts must be "so continuous and systematic as to render [a foreign corporation] essentially at home in the forum State." *Id.* at 919 (quotation omitted).

For a company like ZF NA, the place of incorporation and the principal place of business are "paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (quotation omitted). "*Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation." *Monkton Ins. Servs., Ltd v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). *See also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), *cert denied*, 135 S. Ct. 2310 (2015); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases."); *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) (noting *Goodyear*'s and *Daimler*'s "stringent criteria").

Texas is neither ZF NA's place of incorporation nor ZF NA's principal place of business. *See* Thomsen Affidavit, Ex. A, ⁋ 4. ZF NA is not "at home" in Texas.


EXHIBIT C

EXHIBIT C

*Daimler*, 134 S. Ct. at 760. ZF NA is therefore not subject to general jurisdiction in Texas.

**C. ZF NA is Not Subject to Specific Jurisdiction in Texas.**

Specific jurisdiction over ZF NA is improper under the Due Process Clause. Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. The key inquiry is whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A court must examine the relationship among the nonresident defendant, the forum, and the litigation itself to determine if due process requirements are satisfied. *See Burger King*, 471 U.S. at 475; *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Plaintiffs provide no allegations supporting jurisdiction over ZF NA. Plaintiffs' only jurisdictional allegation is a conclusory statement directed to all Defendants, "This Court has personal jurisdiction over Defendants because Defendants reside in or engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas." Pltfs' First Amended Pet., ¶ 32. ZF NA directly contradicted Plaintiffs' allegation with sworn proof. *See* Thomsen Affidavit, Ex. A, ⁋⁋ 4-6. There are no other jurisdictional allegations directed against ZF NA in Plaintiffs' First Amended Petition. And even if there were, the allegations would fail because ZF NA did not supply any content for the subject vehicle or design, manufacture, sell, or supply the airbag module, airbag inflator, or any product at issue in this litigation. *Id.* at ⁋ 5. ZF NA maintains a separate corporate


EXHIBIT C

EXHIBIT C

existence from its subsidiaries and affiliates, observes all corporate formalities, maintains separate books and records from its subsidiaries and affiliates, and does not possess the right to control its subsidiaries' or affiliates' affairs or internal business operations. *Id.* at ⁋ 7. ZF NA is a nonresident judicial entity separate from any affiliate that may have supplied the component products at issue. Because ZF NA has no connection to the subject incident, there is simply no basis for jurisdiction.

The State of Texas lacks personal jurisdiction over ZF NA. Haling ZF NA into court under these circumstances would be an affront to due process. *See id.* at ⁋ 8. The Court should sustain ZF NA's Special Appearance.

**CONCLUSION AND PRAYER**

ZF NA did not supply any component of the subject vehicle. It has no meaningful contacts with Texas and is not subject to personal jurisdiction in the state. ZF NA respectfully requests the Court sustain its Amended Special Appearance, issue an order dismissing Plaintiffs' First Amended Petition against ZF NA, and award to ZF NA any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**WEINSTEIN TIPPETTS & LITTLE LLP**

By: */s/ David R. Tippetts*
David R. Tippetts
State Bar No. 20065250
Philip R. McDaniel
State Bar No. 24060249
Deborah Clinebell
State Bar No. 02542790
7500 San Felipe, Suite 500
Houston, Texas 77063


EXHIBIT C

EXHIBIT C

Telephone: (713) 244-0800
Facsimile: (713) 244-0801
david.tippetts@wtllaw.com
philip.mcdaniel@wtllaw.com
debie.clinebell@wtllaw.com

**ATTORNEYS FOR DEFENDANT
ZF NORTH AMERICA INC.**

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I certify that all drafted language, quotations, sources, citations, arguments, and legal analyses produced by generative A.I. in this filing, if any, have been verified as accurate through traditional (non-A.I.) legal sources, and all attorneys of record for the parties or self-represented litigant filers submitting this filing understand and acknowledge that the attorneys or self-represented litigants are responsible for their failure to comply with this order.

*/s/ David R. Tippetts*
David R. Tippetts

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2026, a true and correct copy of the foregoing instrument was served on all counsel of record in compliance with the Texas Rules of Civil Procedure.

*/s/ David R. Tippetts*
David R. Tippetts


EXHIBIT C

EXHIBIT C

CAUSE NO. 2025CI19148

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH,<br><br>*Plaintiffs,* | § | IN THE DISTRICT COURT OF |
| v. | § | 224TH JUDICIAL DISTRICT |
| VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL,<br><br>*Defendants.* | § | BEXAR COUNTY, TEXAS |

**AFFIDAVIT OF JENS THOMSEN ON BEHALF OF DEFENDANT ZF NORTH AMERICA, INC.**

STATE OF MICHIGAN

COUNTY OF WAYNE

Before me, the undersigned authority, on this day personally appeared Jens Thomsen who, after being duly sworn, did depose and state as follows:

1. My name is Jens Thomsen. I am over the age of 18, of sound mind, and fully capable of making this affidavit.

2. I am Legal Counsel for ZF North America, Inc. ("ZF NA"). Based upon my duties as Legal Counsel for ZF NA, my investigation, my review of the corporate and

EXHIBIT C

EXHIBIT A

business records of ZF NA, and my direct personal dealings, conversations, and meetings, I am personally acquainted with the facts set forth in this affidavit.

3. The factual statements made in this affidavit are true and correct. I have reviewed ZF NA's Amended Special Appearance, and the factual statements made in the Amended Special Appearance are true and correct. The factual statements in this affidavit and the Amended Special Appearance are based on my personal knowledge as described in paragraph 2.

4. ZF NA is a corporation based in Northville, Michigan. Its principal executive offices are located at 15811 Centennial Drive, Northville, Michigan 48168. ZF NA is organized under the laws of Delaware with its principal place of business in Michigan.

5. ZF NA did not supply any content for the 2020 Audi Q8 referenced in Plaintiffs' First Amended Petition and involved in this lawsuit. ZF NA did not design, manufacture, sell, or supply the airbag module, airbag inflator, or any product at issue in this lawsuit.

6. ZF NA does not have widespread, systematic, or continuous contacts with Texas:

a. ZF NA is not qualified or licensed to conduct business in Texas.

b. ZF NA is not required to, and does not maintain, a registered agent for service of process in Texas.

c. ZF NA does not have any employees, management personnel, officers, or directors that reside in, or are located in, Texas.


EXHIBIT C

7. ZF NA has scrupulously maintained a separate corporate existence from its subsidiaries:

a. ZF NA is a separate and independent juridical entity.

b. ZF NA's subsidiaries are separate and independent juridical entities.

c. ZF NA strictly observes all corporate formalities in accordance with Delaware law.

d. ZF NA's subsidiaries strictly observe all corporate formalities in accordance with applicable law.

e. ZF NA is not inadequately capitalized so as to work an injustice.

f. ZF NA has not inadequately capitalized its subsidiaries so as to work an injustice.

g. The corporate form of ZF NA is not used as a sham to perpetrate a fraud.

h. ZF NA has not used the corporate form of its subsidiaries as a sham to perpetrate a fraud.

i. ZF NA was not organized and is not operated as a mere tool, marketing conduit, or other business conduit.

j. ZF NA has not organized and does not operate its subsidiaries as a mere tool, marketing conduit, or other business conduit.

k. The corporate form of ZF NA is not used to evade an existing legal obligation.


EXHIBIT C

EXHIBIT C

l. ZF NA has not used the corporate form of its subsidiaries to evade an existing legal obligation.

m. The corporate form of ZF NA is not used to achieve or perpetuate a monopoly.

n. ZF NA has not used the corporate form of its subsidiaries to achieve or perpetuate a monopoly.

o. The corporate form of ZF NA is not used to circumvent a statute.

p. ZF NA has not used the corporate form of its subsidiaries to circumvent a statute.

q. The corporate form of ZF NA is not used to protect against the discovery of a crime or to justify a wrong.

r. ZF NA has not used the corporate form of its subsidiaries to protect against the discovery of a crime or to justify a wrong.

s. ZF NA does not possess the right to control, and does not exercise control over, its subsidiaries' affairs or internal business operations.

t. ZF NA maintains separate books and records from its subsidiaries.

8. ZF NA had no expectation, nor could it have reasonably anticipated, that it would be haled into a Texas court for any action based on any facts alleged in Plaintiffs' First Amended Petition.


EXHIBIT C

EXHIBIT C

I declare under penalty of perjury under the laws of the State of Texas the foregoing is true and correct.

Jens Thomsen

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19 day of May, 2026, in Northville, Michigan.

Notary Public
In and for the State of Michigan

COURTNEY L CECI
Notary Public - State of Michigan
County of Wayne
My Commission Expires Mar 5, 2032
Acting in the County of Wayne



EXHIBIT C

EXHIBIT C

**Cause Number:** 2025CI19148

**District Court :** 224TH

# GLORIA A. MARTINEZ
## Bexar County District Clerk

## REQUEST FOR PROCESS

**Style:** Casey Wiatrek ET AL **Vs.** Volkswagen Group of America, Inc. ET AL

**Request the following process:** (Please check all that Apply)

☒ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: ______

**1.**
**Name:** Audi AG
**Registered Agent/By Serving:** Texas Secretary of State
**Address** Auto-Union-Straße 1, 85057 Ingolstadt, Germany
**Service Type:** (Check One) ☒ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**2.**
**Name:** ZF Friedrichshafen AG
**Registered Agent/By Serving:** Texas Secretary of State
**Address** Graf-von-Soden-Platz 1, 88046 Friedrichshafen, Germany
**Service Type:** (Check One) ☒ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

3.
**Name:** TRW Automotive GmbH
**Registered Agent/By Serving:** Texas Secretary of State
**Address** Industriestraße 20, 73553 Alfdorf, Germany
**Service Type:** (Check One) ☒ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

4.
**Name:** ______
**Registered Agent/By Serving:** ______
**Address** ______
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

---

**Title of Document/Pleading to be Attached to Process:** PLAINTIFFS' FIRST AMENDED PETITION

**Name of Attorney/Pro se:** John C. Duff **Bar Number:** 24086979
**Address:** 2203 Baldwin Blvd.
Corpus Christi, TX 78405 **Phone Number:** 361-853-2120

**Attorney for Plaintiff** X **Defendant** ______ **Other** ______

*******IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED*******

EXHIBIT C

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** *Plaintiffs,* | § | **IN THE DISTRICT COURT** |
| **v.** | § | **224TH JUDICIAL DISTRICT** |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, AUDI AG, ZF ACTIVE SAFETY US, INC., ZF NORTH AMERICA, INC., ZF FRIEDRICHSHAFEN AG, TRW AUTOMOTIVE GMBH, BARRY JAMES MITCHELL, AND JOHN DOE,** *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

**PLAINTIFFS' NOTICE OF NONSUIT WITHOUT PREJUDICE**

**TO THE HONORABLE JUDGE OF SAID COURT**:

Pursuant to Texas Rule of Civil Procedure 162, Plaintiffs Casey Wiatrek, Individually and as Next Friend of B.T., a minor child, and Kristopher Tinch (hereinafter "Plaintiffs") hereby file this Notice of Nonsuit WITHOUT PREJUDICE as to the following Defendants only:

1. ZF Active Safety US, Inc.;
2. ZF North America, Inc.;
3. ZF Friedrichshafen AG; and
4. TRW Automotive GmbH, now known as ZF Automotive Germany GmbH.

Plaintiffs preserve all claims against the remaining Defendants, including Audi AG and ZF Airbag Germany GmbH, and the pending request to reinstate Cavender. Plaintiffs request no further process as to the four nonsuited Defendants and respectfully request that the Court enter an Order of Nonsuit WITHOUT PREJUDICE as to the four above-listed Defendants only.

EXHIBIT C

EXHIBIT C

Plaintiffs further request such other and further relief to which they may be justly entitled.

Respectfully submitted,

**PERKINS & PERKINS**

**By: /s/ *John C. Duff***
Jared Perkins
Texas Bar No. 24106675
jared@perkinsperkinslaw.com
Eric D. Perkins
Texas Bar No. 15785060
eric@perkinsperkinslaw.com
John C. Duff
Texas Bar No. 24086979
Jduff@perkinsperkinslaw.com
2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel. (361) 853-2120
Fax. (361) 333-8066

And

**LUCHNICK LAW FIRM**
Sean M. Luchnick
State Bar No. 24102117
sean@luchnicklawfirm.com
Kassidee K. Luchnick
State Bar No. 24093928
kassidee@luchnicklawfirm.com
15900 La Cantera Parkway, Suite 26215
San Antonio, Texas 78256
Telephone 210.342.9310
Facsimile 210.342.9390

**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT C

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Plaintiffs' Notice of Nonsuit WITHOUT PREJUDICE was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 27th day of August, 2026.

**/s/ *John C. Duff***
John C. Duff

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE**

I certify that all drafted language, quotations, sources, citations, arguments, and legal analyses produced by generative A.I. in this filing have been verified as accurate through traditional (non-A.I.) legal sources, and all attorneys of record for the parties or self-represented litigant filers submitting this filing understand and acknowledge that the attorneys or self-represented litigants are responsible for their failure to comply with this order.

***/s/ John C. Duff***
John C. Duff
**ATTORNEY FOR PLAINTIFFS**

EXHIBIT C

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 119192704
Filing Code Description: NONSUIT
Filing Description:
Status as of 8/27/2026 2:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charles Henke | 784254 | chenke@henkelawfirm.com | 8/27/2026 2:13:03 PM | SENT |
| Emily Williams | 24093375 | ewilliams@henkelawfirm.com | 8/27/2026 2:13:03 PM | SENT |
| Jett Williams | 21554000 | jwilliams@henkelawfirm.com | 8/27/2026 2:13:03 PM | SENT |
| Courtney Rose | | courtney.rose@wtllaw.com | 8/27/2026 2:13:03 PM | SENT |
| David R.Tippetts | | david.tippetts@wtllaw.com | 8/27/2026 2:13:03 PM | SENT |
| Philip McDaniel | | philip.mcdaniel@wtllaw.com | 8/27/2026 2:13:03 PM | SENT |
| Sandy Guzman | | Sandy@perkinsperkinslaw.com | 8/27/2026 2:13:03 PM | SENT |
| Melinda Padgett | | melinda.padgett@wtllaw.com | 8/27/2026 2:13:03 PM | SENT |
| Debie Clinebell | | debie.clinebell@wtllaw.com | 8/27/2026 2:13:03 PM | SENT |
| Jared Perkins | | Jared@perkinsperkinslaw.com | 8/27/2026 2:13:03 PM | SENT |
| John Duff | | Jduff@perkinsperkinslaw.com | 8/27/2026 2:13:03 PM | SENT |
| Daniela Luna | | daniela@perkinsperkinslaw.com | 8/27/2026 2:13:03 PM | SENT |
| Ethan Lim | | elim@henkelawfirm.com | 8/27/2026 2:13:03 PM | SENT |
| Karl T. Rivas | | krivas@namanhowell.com | 8/27/2026 2:13:03 PM | SENT |
| Scott B. Dozier | | sdozier@namanhowell.com | 8/27/2026 2:13:03 PM | SENT |
| Madeline Heindel | | mheindel@namanhowell.com | 8/27/2026 2:13:03 PM | SENT |
| Scott B.Dozier | | sdozier@namanhowell.com | 8/27/2026 2:13:03 PM | SENT |
| Maria Claybourn | | mclaybourn@namanhowell.com | 8/27/2026 2:13:03 PM | SENT |
| Sean M. Luchnick | | sean@luchnicklawfirm.com | 8/27/2026 2:13:03 PM | SENT |
| Kassidee K. Luchnick | | kassidee@luchnicklawfirm.com | 8/27/2026 2:13:03 PM | SENT |
| Ashley E. Thomas | | athomas@namanhowell.com | 8/27/2026 2:13:03 PM | SENT |
| Daniela Johnson | | djohnson@namanhowell.com | 8/27/2026 2:13:03 PM | SENT |

EXHIBIT C

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** *Plaintiffs*, | § | **IN THE DISTRICT COURT** |
| **v.** | § | **224TH JUDICIAL DISTRICT** |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, AUDI AG, ZF AIRBAG GERMANY GMBH, CAVENDER AUTOWORKS, LTD., d/b/a AUDI DOMINION, BARRY JAMES MITCHELL, AND JOHN DOE COMPONENT SUPPLIER,** *Defendants*. | § | **BEXAR COUNTY, TEXAS** |

**PLAINTIFFS' MOTION TO WITHDRAW NONSUIT AS TO CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION AND REINSTATE CLAIMS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs move the Court to permit withdrawal of only the portion of Plaintiffs' March 4, 2026, Notice of Nonsuit that nonsuited Cavender Autoworks, Ltd. d/b/a Audi Dominion ("Cavender"), reinstate Plaintiffs' claims against Cavender in this existing cause, and confirm that Plaintiffs' contemporaneously filed Second Amended Petition becomes operative as to Cavender upon reinstatement. Plaintiffs do not seek to disturb the nonsuit of ZF-TRW Automotive Holdings Corp. or Faurecia USA Holdings, Inc.

**I.**

**Background**

This action arises from a June 16, 2024 collision and the deployment of the driver frontal airbag in a 2020 Audi Q8, VIN WA1EVAF17LD018497.

Plaintiffs timely filed their Original Petition on August 14, 2025 and named Cavender as a

EXHIBIT C

defendant. The original pleading asserted claims arising from the same occurrence, vehicle, airbag deployment, and injuries now at issue. Plaintiffs requested issuance of citation for Cavender on November 12, 2025.

On March 4, 2026, Plaintiffs filed a Notice of Nonsuit Without Prejudice as to Cavender, ZF-TRW Automotive Holdings Corp., and Faurecia USA Holdings, Inc. The notice was effective when filed as to those defendants. A proposed order was submitted, but the docket does not reflect a signed order. Claims against multiple other defendants remained pending, and this cause has never reached final judgment.

The CARFAX Vehicle History Report for VIN WA1EVAF17LD018497 identifies Audi Dominion as the reporting source for the vehicle's offer for sale and pre-delivery inspection on March 27, 2020, and expressly records "Vehicle sold" by Audi Dominion on May 30, 2020. It also documents repeated Audi Dominion service through January 26, 2024. A copy of that vehicle-specific report is submitted separately as Exhibit A.

On April 24, 2026, a ZF declarant identified ZF Airbag Germany GmbH in Aschau am Inn, Germany as the designer and manufacturer of the subject driver-airbag inflator. That entity has not appeared and requires service abroad. Its identification makes a statutory seller theory material if the Court ultimately determines that a relevant manufacturer is not subject to this Court's jurisdiction. A copy of the declaration is submitted separately as Exhibit B.

**II.**

**Authority and Grounds**

Texas Rule of Civil Procedure 162 governs voluntary nonsuits. A notice of nonsuit is effective when filed; a later written order memorializes the dismissal and triggers appellate deadlines and the period within which the trial court's plenary jurisdiction begins to end. *Trigg v.*

*Moore*, 335 S.W.3d 243, 245–46 & n.1 (Tex. App.—Amarillo 2010, pet. denied). Plaintiffs therefore do not contend that the March 4 notice was ineffective. They seek the recognized discretionary remedy of reinstatement or withdrawal of the nonsuit. *See id*. at 246; *Braglia v. Middleton*, No. 13-10-00101-CV, 2012 Tex. App. LEXIS 1647, at *6–8 (Tex. App.—Corpus Christi–Edinburg Mar. 1, 2012, no pet.) (mem. op.).

The March 4, 2026 Notice of Nonsuit disposed of fewer than all claims and parties. No final judgment or signed order of dismissal has been entered, and claims against multiple defendants remain pending. The Court therefore retains continuing jurisdiction over this cause and discretion to reinstate the claims against Cavender. *See Trigg*, 335 S.W.3d at 245 n.1, 246; *Harris Cnty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194–95 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (trial court retained power to reinstate where no nonsuit order had been signed).

*Braglia* confirms that a motion to reinstate or withdraw a nonsuit is an appropriate procedural device, while emphasizing that an affected party must receive reasonable notice and a fair opportunity to respond. 2012 Tex. App. LEXIS 1647, at *6–11. The due-process concern in *Braglia* is materially distinguishable: the trial court reinstated the claims only hours before trial and tried them that day, depriving the defendant of reasonable notice and time to prepare. Id. at *9–11. No comparable prejudice exists here: no trial setting will be disturbed; Plaintiffs will provide Cavender, through its registered agent, a copy of this motion and the notice of hearing before the hearing; and, if relief is granted, Cavender will be served with citation and the Second Amended Petition and will receive a reasonable opportunity to answer and conduct discovery.

Texas Civil Practice and Remedies Code section 82.003 generally limits liability of a nonmanufacturing seller but supplies enumerated exceptions. One exception applies when the manufacturer is insolvent or not subject to the jurisdiction of the court. Tex. Civ. Prac. & Rem.

Code § 82.003(a)(7). Plaintiffs primarily contend that the foreign manufacturers are subject to specific jurisdiction. In the alternative, if the Court determines that a relevant manufacturer is not subject to jurisdiction, Cavender's sale of the exact Q8 makes section 82.003(a)(7)(B) potentially applicable.

Reinstatement is equitable and efficient. Cavender was named in the Original Petition filed on August 14, 2025; the claim arises from the same occurrence and evidence; the case remains in discovery; no trial setting will be disturbed; and any prejudice can be addressed through service and a reasonable opportunity to answer and conduct discovery. Reinstatement permits the claims against a defendant named in the original action to be addressed on the merits in this existing cause.

The Original Petition naming Cavender was filed before expiration of the applicable two-year period. When a nonsuit is set aside and the action reinstated, the reinstated action resumes its original procedural posture for limitations purposes. *Cotton v. Lyter*, 81 Tex. 10, 12, 16 S.W. 553, 554 (1891). Plaintiffs seek reinstatement of the timely original claims in this existing cause, not commencement of a new action. Plaintiffs do not ask the Court through this motion to adjudicate any limitations or service-diligence defense that Cavender may later plead after service.

Plaintiffs recognize that reinstatement is discretionary and that a voluntary nonsuit does not itself interrupt limitations. *See CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 233 (Tex. 2013). *Lawson v. Morrison*, No. 03-19-00301-CV, 2021 WL 1933958, at *1–2, *4–5 (Tex. App.—Austin May 14, 2021, no pet.) (mem. op.), is materially distinguishable. There, the plaintiff resisted discovery, failed to appear for a court-ordered deposition, and sought reinstatement only nineteen days before trial; the defendants asserted trial-preparation prejudice and limitations. Those circumstances are absent here: Cavender was named in the timely Original Petition; Plaintiffs requested citation before nonsuit; no nonsuit order or final judgment was signed; the case remains

in discovery with no trial setting; and Plaintiffs do not ask the Court to prejudge any limitations or service-diligence defense. On this record, the Court may exercise its discretion to reinstate while preserving Cavender's opportunity to assert those defenses after service.

The contemporaneously filed Second Amended Petition carefully limits Cavender's present role to seller and service-history facts and makes the claims against Cavender expressly contingent on entry of a reinstatement order. It does not allege without evidentiary support that Cavender designed or manufactured the airbag, altered the restraint system, or knew of a defect.

## III.

## Requested Relief

Plaintiffs request that, after notice and hearing, the Court: (1) permit Plaintiffs to withdraw only the portion of their March 4, 2026 Notice of Nonsuit that nonsuited Cavender; (2) reinstate Plaintiffs' claims against Cavender in Cause No. 2025CI19148; (3) leave the nonsuit of ZF-TRW Automotive Holdings Corp. and Faurecia USA Holdings, Inc. undisturbed; (4) confirm that Plaintiffs' Second Amended Petition filed on August 27, 2026 becomes operative as to Cavender upon entry of the reinstatement order and permit issuance and service of citation on Cavender; and (5) grant all further relief to which Plaintiffs are entitled.

Respectfully submitted,

**PERKINS & PERKINS**

By: ***/s/ John C. Duff***
Jared Perkins
Texas Bar No. 24106675
jared@perkinsperkinslaw.com
Eric D. Perkins
Texas Bar No. 15785060
eric@perkinsperkinslaw.com
John C. Duff
Texas Bar No. 24086979
Jduff@perkinsperkinslaw.com

EXHIBIT C

EXHIBIT C

2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel. (361) 853-2120
Fax. (361) 333-8066

And

**LUCHNICK LAW FIRM**
Sean M. Luchnick
State Bar No. 24102117
sean@luchnicklawfirm.com
Kassidee K. Luchnick
State Bar No. 24093928
kassidee@luchnicklawfirm.com
15900 La Cantera Parkway, Suite 26215
San Antonio, Texas 78256
Telephone 210.342.9310
Facsimile 210.342.9390
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs has conferred with or made reasonable efforts to confer with all parties about the date, time, and format of the setting. Counsel for Plaintiffs has made reasonable efforts to confer with all parties who may be affected by the relief sought in this motion but has been unable to do so. Cavender has not appeared, and no counsel is of record for Cavender. Plaintiffs will provide Cavender, through its registered agent, a courtesy copy of this motion and the notice of hearing before the hearing.

***/s/ John C. Duff***
John C. Duff

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiffs' Motion to Withdraw Nonsuit as to Cavender and Reinstate Claims was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on August 27, 2026.

***/s/ John C. Duff***
John C. Duff

EXHIBIT C

Imani Hodge (B361261)
Dallas, TX

# CARFAX Vehicle History Report™

**2020 AUDI Q8 QUATTRO PREMIUM PLUS 55 TFSI**

VIN: WA1EVAF17LD018497
4 DOOR WAGON/SPORT UTILITY
3.0L V6 F DOHC 24V
GASOLINE
ALL WHEEL DRIVE

- Accident reported: total loss vehicle
- **17** Service history records
- At least 1 open recall
- CARFAX 1-Owner vehicle
- Personal vehicle
- **53,370** Last reported odometer reading




This CARFAX Vehicle History Report is based only on information supplied to CARFAX and available as of 2/17/26 at 4:10:36 PM (CST). Other information about this vehicle, including problems, may not have been reported to CARFAX. Use this report as one important tool, along with a vehicle inspection and test drive, to make a better decision about your next used car.

## CARFAX Accident / Damage History

Not all accidents / issues are reported to CARFAX

### Event 1

06/16/2024
**Accident reported: moderate damage**
- Vehicle towed
- Front airbag deployed






### Event 2

EXHIBIT C

EXHIBIT C

06/16/2024
**TOTAL LOSS VEHICLE**
- Vehicle declared a total loss by an insurance company
- Collision damage reported

| CARFAX **Additional History** Not all accidents / issues are reported to CARFAX | **Owner 1** |
|---|---|
| **Total Loss** Total Loss Reported: 06/16/2024. | Total Loss Reported |
| **Structural Damage** CARFAX recommends that you have this vehicle inspected by a collision repair specialist. | No Issues Reported |
| **Airbag Deployment** Airbag deployment reported: 06/16/2024. | Airbag Deployment |
| **Odometer Check** No indication of an odometer rollback. | No Issues Indicated |
| **Accident / Damage** Accident reported: 06/16/2024. | Accident Reported |
| **Manufacturer Recall** At least 1 manufacturer recall requires service. Locate an authorized Audi dealer to obtain more information about this recall. | Recall Reported |
| **Basic Warranty** Original warranty estimated to have expired. | **Warranty Expired** |

| CARFAX **Title History** CARFAX guarantees the information in this section | **Owner 1** |
|---|---|
| **Damage Brands** Salvage \| Junk \| Rebuilt \| Fire \| Flood \| Hail \| Lemon | **Guaranteed** No Problem |
| **Odometer Brands** Not Actual Mileage \| Exceeds Mechanical Limits | **Guaranteed** No Problem |

**GUARANTEED** - None of these title problems were reported by a U.S. state Department of Motor Vehicles (DMV). If you find that any of these title problems were reported by a DMV and not included in this report, you may qualify.
View Terms

| CARFAX **Ownership History** The number of owners is estimated | **Owner 1** |
|---|---|
| Year purchased | 2020 |
| Type of owner | Personal |

EXHIBIT C

EXHIBIT C

| | |
|---|---|
| Estimated length of ownership | 5 yrs. 8 mo. |
| Owned in the following states/provinces | Texas |
| Estimated miles driven per year | 14,735/yr |
| Last reported odometer reading | 53,370 |

## CARFAX Detailed History

**Owner 1**
Purchased: 2020

Personal Vehicle
14,735 mi/yr

| Date | Mileage | Source | Comments |
|---|---|---|---|
| Not Reported | | NICB | **Vehicle manufactured and shipped to original dealer** |
| 03/27/2020 | 10 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews<br>**15,113** Customer Favorites | **Vehicle offered for sale** |
| 03/27/2020 | 13 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews<br>**15,113** Customer Favorites | **Vehicle serviced**<br>- Pre-delivery inspection completed<br>- Fabric protection applied<br>- Emissions or safety inspection performed<br>- Paint protection applied<br>- Window tint installed<br>- Vehicle washed/detailed |
| 03/30/2020 | | Texas<br>Inspection Station | **Passed safety inspection** |
| 05/08/2020 | 42 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews<br>**15,113** Customer Favorites | **Vehicle serviced** |
| 05/30/2020 | | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews | **Vehicle sold** |

EXHIBIT C

| | | | |
|---|---|---|---|
| | | 15,113 Customer Favorites | |
| 06/02/2020 | 43 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews<br>15,113 Customer Favorites | **Vehicle serviced**<br>- Vehicle washed/detailed |
| 06/13/2020 | | Texas<br>Motor Vehicle Dept.<br>San Antonio, TX<br>Title<br>#01541943985250016 | **Title issued or updated**<br>- First owner reported<br>- Titled or registered as personal vehicle<br>- Loan or lien reported<br>- Vehicle color noted as Gray |
| 06/19/2020 | 924 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews<br>15,113 Customer Favorites | **Vehicle serviced** |
| 08/25/2020 | 4,130 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews<br>15,113 Customer Favorites | **Vehicle serviced**<br>- Vehicle washed/detailed |
| 12/14/2020 | 11,502 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews<br>15,113 Customer Favorites | **Vehicle serviced**<br>- Maintenance inspection completed<br>- 10,000 mile service performed<br>- Remote(s) programmed<br>- Wheel(s) repaired |
| 02/03/2021 | 11,919 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews<br>15,113 Customer Favorites | **Vehicle serviced** |
| 06/26/2021 | 20,531 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews | **Vehicle serviced**<br>- Maintenance inspection completed<br>- 20,000 mile service performed<br>- Air filter replaced<br>- Brake fluid flushed/changed<br>- Tire(s) replaced |

EXHIBIT C

| | | | |
|---|---|---|---|
| | | 15,113 Customer Favorites | - Tires rotated<br>- Two tires replaced<br>- Vehicle washed/detailed |
| 10/18/2021 | 25,316 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews<br>**15,113** Customer Favorites | **Vehicle serviced**<br>- Maintenance inspection completed<br>- Four wheel alignment performed<br>- One tire replaced<br>- Vehicle washed/detailed |
| 03/14/2022 | 31,520 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews<br>**15,113** Customer Favorites | **Vehicle serviced**<br>- Maintenance inspection completed<br>- Vehicle washed/detailed |
| 05/22/2022 | 34,301 | Valvoline Instant Oil Change<br>San Antonio, TX<br>210-402-2820<br>**4.8 / 5.0**<br>467 Verified Reviews<br>**145** Customer Favorites | **Vehicle serviced**<br>- Brakes checked<br>- Emissions or safety inspection performed |
| 05/22/2022 | | Texas<br>Inspection Station | **Passed safety inspection** |
| 01/27/2023 | 42,256 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews<br>**15,113** Customer Favorites | **Vehicle serviced**<br>- 40,000 mile service performed<br>- Brakes checked<br>- Brake fluid flushed/changed<br>- Front brake pads replaced<br>- Oil and filter changed<br>- Spark plug(s) replaced |
| 06/29/2023 | 47,882 | Take 5 Oil Change<br>San Antonio, TX<br>210-233-9497<br>**4.8 / 5.0**<br>183 Verified Reviews | **Vehicle serviced**<br>- Oil and filter changed<br>- Safety inspection performed |
| 06/29/2023 | | Texas<br>Inspection Station | **Passed safety inspection** |
| 07/14/2023 | 48,029 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>**4.5 / 5.0**<br>1,106 Verified Reviews | **Vehicle serviced**<br>- Maintenance inspection completed<br>- Air filter replaced<br>- Alignment performed<br>- Antifreeze/coolant flushed/changed<br>- Cabin air filter replaced/cleaned |

EXHIBIT C

| | | | | |
|---|---|---|---|---|
| | | 15,113 Customer Favorites | | - Fluids checked<br>- Fuel system checked<br>- Fuel pump module replaced<br>- Fuel pump replaced<br>- Tire(s) replaced<br>- Two tires replaced<br>- Vehicle washed/detailed |
| 10/29/2023 | 51,897 | Take 5 Oil Change<br>San Antonio, TX<br>210-495-4703<br>4.7 / 5.0<br>405 Verified Reviews<br>130 Customer Favorites | | **Vehicle serviced**<br>- Oil and filter changed<br>- Safety inspection performed |
| 10/29/2023 | | Texas<br>Inspection Station | | **Passed safety inspection** |
| 12/18/2023 | 52,692 | Texas<br>Inspection Station | | **Passed safety inspection** |
| 12/19/2023 | 52,695 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews<br>15,113 Customer Favorites | | **Vehicle serviced**<br>- Maintenance inspection completed<br>- Oil and filter changed<br>- One tire balanced<br>- One tire mounted<br>- One tire replaced<br>- Rear brake pads replaced<br>- Two tires replaced<br>- Vehicle washed/detailed |
| 01/26/2024 | 53,370 | Audi Dominion<br>San Antonio, TX<br>210-681-3399<br>4.5 / 5.0<br>1,106 Verified Reviews<br>15,113 Customer Favorites | | **Vehicle serviced**<br>- Maintenance inspection completed<br>- Alternator replaced<br>- Antifreeze/coolant flushed/changed<br>- Vehicle washed/detailed |
| 02/02/2024 | | Texas<br>Motor Vehicle Dept.<br>San Antonio, TX<br>Title<br>#01541943985250016 | | **Registration issued or renewed**<br>- Loan or lien reported<br>- Passed safety inspection<br>- Vehicle color noted as Gray |
| 06/16/2024 | | Damage Report | | **Accident reported: moderate damage**<br>- Damage to front<br>- Damage to right front<br>- Vehicle towed<br>- Front airbag deployed<br>CARFAX Airbag Tips<br><br>**Damage Severity Scale** |

EXHIBIT C






**Damage Location**




| | | |
|---|---|---|
| 06/16/2024 | Damage Report | **TOTAL LOSS VEHICLE**<br>- Vehicle declared a total loss by an insurance company<br>- Collision damage reported<br><br>There are many reasons an insurance company will declare a vehicle a total loss. Have this vehicle inspected by a qualified technician before you buy. Learn More |
| 03/04/2025 | Texas<br>Motor Vehicle Dept.<br>San Antonio, TX<br>Title<br>#28695345717013928 | **Title issued or updated**<br>- Loan or lien released<br>- Vehicle color noted as Gray |
| 12/23/2025 | Audi | **Manufacturer Compliance Recall issued**<br>- NHTSA #25V900<br>- Recall #90TV REARVIEW CAMERA SOFTWARE<br>- Status: Remedy Available<br><br>Locate an authorized Audi dealer to obtain more information about this recall<br><br>**Learn more about this recall** |




**Description:** In certain situations, a software issue may prevent the rearview camera image from displaying. A rearview camera image that does not display decreases the drivers visibility, increasing the risk of a crash.

EXHIBIT C

**Remedy:** Perform a software update.

| | | |
|---|---|---|
| 02/17/2026 | Audi | **Connect Service available with subscription**<br><br>**Connect offers services to enhance navigation, infotainment, and peace of mind**<br><br>Learn more |

Have Questions? Consumers, please visit our Help Center at www.carfax.com. Dealers or Subscribers, please visit our Help Center at www.carfaxonline.com.

## CARFAX Glossary

**Accident Indicator**
CARFAX receives information about accidents in all 50 states, the District of Columbia and Canada.

Not every accident is reported to CARFAX. As details about the accident become available, those additional details are added to the CARFAX Vehicle History Report. CARFAX recommends that you have this vehicle inspected by a qualified mechanic.

- According to the National Safety Council, Injury Facts, 2021 edition, 5% of the 276 million registered vehicles in the U.S. were involved in an accident in 2019. Over 77% of these were considered minor or moderate.
- This CARFAX Vehicle History Report is based only on information supplied to CARFAX and available as of 2/17/26 at 4:10:36 PM (CST). Other information about this vehicle, including problems, may not have been reported to CARFAX. Use this report as one important tool, along with a vehicle inspection and test drive, to make a better decision about your next used car.

**Airbag Deployment**
Occurs when the driver, passenger or side airbag has been used or deployed during a crash or other incident. If an airbag has been deployed, it must be replaced by a qualified technician. Have this car inspected by a mechanic prior to purchase.

**Damage Severity**
Damage events result in one of the following severity levels:

- Minor: Generally, minor damage is cosmetic (including dents or scratches), may only require reconditioning, and typically does not compromise a vehicle's operation and/or safety.
- Moderate: Moderate damage may affect multiple components of the vehicle and may impair the vehicle's operation and/or safety.
- Severe: Severe damage usually affects multiple components of the vehicle and is likely to compromise the vehicle's operation and/or safety.

CARFAX recommends getting a pre-purchase inspection at a certified collision repair facility.

**First Owner**
When the first owner(s) obtains a title from a Department of Motor Vehicles as proof of ownership.

**Manufacturer Recall**
Automobile manufacturers issue recall notices to inform vehicle owners of a safety defect or failure to meet minimum federal safety or emissions standards. Manufacturer recalls are repaired at no cost to the customer.

**Ownership History**
CARFAX defines an owner as an individual or business that possesses and uses a vehicle. Not all title transactions represent changes in ownership. To provide estimated number of owners, CARFAX proprietary technology analyzes all the events in a vehicle history. Estimated ownership is available for vehicles manufactured after 1991 and titled solely in the US including Puerto Rico. Dealers sometimes opt to take ownership of a vehicle and are required to in

the following states: Maine, Massachusetts, New Jersey, Ohio, Oklahoma, Pennsylvania and South Dakota. Please consider this as you review a vehicle's estimated ownership history.

**Title Issued**
A state issues a title to provide a vehicle owner with proof of ownership. Each title has a unique number. Each title or registration record on a CARFAX report does not necessarily indicate a change in ownership. In Canada, a registration and bill of sale are used as proof of ownership.

**Total Loss Vehicle**
An insurance or fleet company declares a vehicle a total loss when a claim exceeds approximately 75% of its pre-damage value or if the vehicle is stolen and not recovered. This damage threshold varies by company. These companies typically take possession and obtain the title. Not all total loss vehicles result in a DMV-reported branded title. This may occur when an insurance company's definition of a total loss is different than the state DMV's definition for a branded title or when the owner of the vehicle is a self-insured company, like a fleet or rental company.

**Follow Us:** **facebook.com/CARFAX** **@CARFAXinc** **About CARFAX**

CARFAX DEPENDS ON ITS SOURCES FOR THE ACCURACY AND RELIABILITY OF ITS INFORMATION. THEREFORE, NO RESPONSIBILITY IS ASSUMED BY CARFAX OR ITS AGENTS FOR ERRORS OR OMISSIONS IN THIS REPORT. CARFAX FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

© 2026 CARFAX, Inc., part of S&P Global. All rights reserved.
2/17/26 4:10:36 PM (CST)

Exhibit B
EXHIBIT C

CAUSE NO. 2025CI19148

| | | |
|---|---|---|
| CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH,<br><br>*Plaintiffs,*<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, ZF-TRW AUTOMOTIVE HOLDINGS CORP., FAURECIA USA HOLDINGS, INC., CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION, AND BARRY JAMES MITCHELL,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br>224TH JUDICIAL DISTRICT<br><br>BEXAR COUNTY, TEXAS |

**DECLARATION OF -------------**

In accord with Section 132.001 of the Texas Civil Practice and Remedies Code, I declare as follows:

1. My name is Ernst Enzmann. I am over the age of 18, of sound mind, and fully capable of making this declaration.

2. I am Senior Manager Program Management Inflators for ZF Airbag Germany GmbH. Based upon my duties as Senior Manager Program Management Inflators for ZF Airbag Germany GmbH, my investigation, my review of the corporate and business records of ZF Airbag Germany GmbH, and my direct personal dealings,

EXHIBIT C

conversations, and meetings, I am personally acquainted with the facts set forth in this declaration. The factual statements made in this declaration are true and correct.

3. I understand Plaintiffs in this lawsuit allege a product defect in the driver's airbag inflator in a 2020 Audi Q8 ("subject vehicle"). I have reviewed photos represented to be from an inspection of the subject vehicle, including photos of the label on the driver's airbag module. Based on my personal knowledge and review of the referenced photos, ZF Airbag Germany GmbH in Aschau am Inn, Germany, designed and manufactured the driver's airbag inflator in the subject vehicle.

4. I understand Plaintiffs added ZF Active Safety US Inc. ("ZF AS"), ZF North America, Inc. ("ZF NA"), ZF Friedrichshafen AG ("ZF AG"), and TRW Automotive GmbH as parties to this lawsuit. ZF AS, ZF NA, and ZF AG had no role in the design, manufacture, sale, or supply of the driver's airbag inflator or module for the subject vehicle. ZF AS, ZF NA, and ZF AG do not design, manufacture, sell, or supply any airbag inflators or modules.

5. TRW Automotive GmbH is now known as ZF Automotive Germany GmbH. TRW Automotive GmbH is referenced on the label for the driver's airbag module from the subject vehicle only because it coordinated paperwork for the Bundesanstalt fur Materialforschung und -prufung ("BAM") approvals, German regulatory certifications for packaging of goods containing explosive materials, for the driver's airbag module in the subject vehicle. Its role with regard to BAM approvals was simply administrative and had no impact on the function of the inflator or module. TRW Automotive GmbH had no role in the design, manufacture, testing, or sale of the driver's

airbag inflator or module in the subject vehicle. ZF Airbag Germany GmbH coordinated the paperwork for the BAM approvals for the driver's airbag inflator in the subject vehicle.

6. No ZF or TRW entity supplied the Airbag Control Module for the subject vehicle.

My name is Ernst Enzmann. My date of birth is 25.02.1969, and my address is Färberweg 1, 83224 Grassau, Germany.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Aschau, Germany on the 24 day of April, 2026.

Ernst Enzmann

Ernst Enzmann
Senior Manager
Program Management Inflators
ZF Airbag Germany GmbH


EXHIBIT C

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** *Plaintiffs*, | § § § § § § | **IN THE DISTRICT COURT** |
| **v.** | § § | **224TH JUDICIAL DISTRICT** |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, AUDI AG, ZF AIRBAG GERMANY GMBH, CAVENDER AUTOWORKS, LTD., d/b/a AUDI DOMINION, BARRY JAMES MITCHELL, AND JOHN DOE COMPONENT SUPPLIER,** ***Defendants*.** | § § § § § § § § § | **BEXAR COUNTY, TEXAS** |

---

**PLAINTIFFS' SECOND AMENDED PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME,** Plaintiffs, Casey Wiatrek, Individually and as Next Friend of B.T., a minor child, and Kristopher Tinch, and file this *Plaintiffs' Second Amended Petition* complaining of Defendants Volkswagen Group of America, Inc., Audi of America, LLC, Audi AG, ZF Airbag Germany GmbH, Cavender Autoworks, Ltd. d/b/a Audi Dominion, Barry James Mitchell, and John Doe Component Supplier, and for cause of action would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiffs request a Level 3 discovery-control plan under Texas Rule of Civil Procedure 190.4 because this product-liability case involves foreign parties, component

EXHIBIT C

EXHIBIT C

identification, expert testing, and preservation and inspection of the subject vehicle and restraint-system evidence.

## II.
## Parties and Service

2. Plaintiff Casey Wiatrek is an individual residing in Bexar County, Texas. She sues individually and as next friend of her minor child, B.T.

3. Plaintiff Kristopher Tinch is an individual residing in Bexar County, Texas and is Casey Wiatrek's husband.

4. Defendant Volkswagen Group of America, Inc. ("VWGoA") is a foreign for-profit corporation doing business in Texas. VWGoA has appeared and may be served through counsel of record.

5. Defendant Audi of America, LLC ("Audi America") is a Delaware limited liability company doing business in Texas. Audi America has previously been served and may be served with this amended pleading as provided by the Texas Rules of Civil Procedure.

6. Defendant Audi AG is a German corporation with its principal place of business at Auto-Union-Straße 1, 85057 Ingolstadt, Germany. Plaintiffs request service under the Hague Service Convention and applicable rules.

7. Defendant ZF Airbag Germany GmbH is a German limited liability company with a place of business at Wernher-von-Braun-Straße 1, 84544 Aschau am Inn, Germany. Plaintiffs request service under the Hague Service Convention and applicable rules.

8. Defendant Cavender Autoworks, Ltd. d/b/a Audi Dominion ("Cavender") is a Texas limited partnership. Cavender may be served through its registered agent, Stephen B. Cavender, at 5778 Stemmons Road, Suite 130, San Antonio, Texas 78238, or wherever he may be found.


EXHIBIT C

Plaintiffs assert claims against Cavender upon entry of the Court's order withdrawing the prior nonsuit as to Cavender and reinstating those claims.

9. Defendant Barry James Mitchell is an individual. Plaintiffs request service at his current residence or wherever he may be found. Plaintiffs reserve the right to seek substituted service after reasonable efforts at personal service.

10. John Doe Component Supplier is the presently unidentified person or entity, if any, responsible for another component of the subject driver frontal-airbag system whose identity and role may be established through discovery. Plaintiffs will amend when a proper basis to identify or dismiss this party exists.

11. VWGoA, Audi America, and Audi AG participated, according to their respective roles, in the design, manufacture, testing, integration, marketing, distribution, importation, and/or placement into the stream of commerce of the subject vehicle and restraint system. They are referred to collectively as the "Audi Defendants." Plaintiffs plead their respective roles in the alternative and will further specify those roles through discovery.

12. ZF Airbag Germany and John Doe Component Supplier participated, according to their respective roles, in the design, manufacture, assembly, testing, and supply of the subject driver's inflator, airbag module, control module, and/or related restraint-system components. They are referred to collectively as the "Inflator and Component Defendants." The Audi Defendants and the Inflator and Component Defendants are referred to collectively as the "Product Defendants."

## III.
## JURISDICTION, VENUE, AND ALTERNATIVE PLEADING

13. The Court has subject-matter jurisdiction because Plaintiffs seek monetary relief over $1,000,000 and relief within the Court's jurisdictional limits. Plaintiffs state this range as

EXHIBIT C

required by Texas Rule of Civil Procedure 47; the jury will determine the amount supported by the evidence.

14. Venue is proper in Bexar County under Texas Civil Practice and Remedies Code section 15.002(a)(1) because all or a substantial part of the events giving rise to the claims occurred in Bexar County.

15. On information and belief, Audi AG designed and manufactured the Q8 vehicle platform and integrated its driver frontal-airbag system, and placed Q8 vehicles into an established distribution channel serving Texas. The subject Q8 was sold by an authorized Audi dealer in Bexar County. Plaintiffs allege that Audi AG purposefully served the Texas market for the same model and product at issue and that this suit arises out of or relates to those contacts. The exercise of specific jurisdiction therefore comports with due process.

16. ZF Airbag Germany GmbH designed and manufactured the subject driver-airbag inflator in Germany for incorporation into the driver-airbag module and Audi Q8 restraint system. On information and belief, the inflator was supplied for a vehicle program and distribution channel that included vehicles sold and used in Texas. Plaintiffs seek jurisdictional discovery concerning ZF Airbag Germany GmbH's program-specific supply, communications, testing, warranties, regulatory work, distribution knowledge, and Texas-related volume and foreseeability before adjudication of personal jurisdiction.

17. Texas Rule of Civil Procedure 48 permits alternative and inconsistent pleading. Plaintiffs primarily allege that this Court may exercise specific jurisdiction over Audi AG and ZF Airbag Germany GmbH. Alternatively, if the Court finally determines that a manufacturer of the Q8, its driver-airbag module, its inflator, or another relevant component is not subject to this Court's jurisdiction, Plaintiffs invoke Texas Civil Practice and Remedies Code section


EXHIBIT C

EXHIBIT C

82.003(a)(7)(B) against each nonmanufacturing seller for which the statutory predicate is established.

## IV.
## Factual Allegations

18. The subject vehicle is a 2020 Audi Q8, VIN WA1EVAF17LD018497 (the "Q8" or "Vehicle"). The CARFAX Vehicle History Report for this specific VIN identifies Audi Dominion as the reporting source for the vehicle's offer for sale and pre-delivery inspection on March 27, 2020, and expressly records "Vehicle sold" by Audi Dominion on May 30, 2020. The same report documents repeated Audi Dominion service through January 26, 2024.

19. On June 16, 2024, Casey Wiatrek was driving the Q8 in Bexar County, and B.T. was a rear-seat occupant. Kristopher Tinch was not an occupant and asserts derivative damages as Casey Wiatrek's spouse. Barry James Mitchell, driving another vehicle, made a sudden movement into or across the Q8's path, and a collision followed.

20. The Q8's driver frontal airbag deployed. Immediately afterward, occupants observed white pellet-like fragments in the passenger compartment. Casey Wiatrek sustained physical injuries, including injuries associated with the deployment event. B.T. sustained psychological and emotional injuries and losses as the evidence may establish. Kristopher Tinch asserts derivative loss-of-consortium and household-services damages to the extent legally recoverable and proved.

21. The physical driver-airbag components bear ZF/TRW-related markings. A declaration dated April 24, 2026 from a ZF representative states that ZF Airbag Germany GmbH in Aschau am Inn, Germany designed and manufactured the subject driver-airbag inflator. Plaintiffs plead that identification subject to testing, party discovery, and the admissible evidence.


EXHIBIT C

EXHIBIT C

22. The precise mechanism that caused the fragments to enter the occupant compartment, the condition of the inflator and module before deployment, and the causal allocation among the vehicle, module, inflator, and other components remain the subjects of expert inspection and discovery. Plaintiffs do not plead an unsupported engineering mechanism as an established fact.

23. The Q8, airbag module, inflator, associated components, photographs, event data, service records, warranty materials, engineering records, regulatory submissions, field reports, and substantially similar incident information are material evidence and must be preserved.

## V.
## Claims for Relief

### FIRST CLAIM FOR RELIEF

**(Negligence, Gross Negligence, Willful and Wanton Conduct–Design Defect) as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Airbag Germany GmbH, and John Doe Component Supplier**

24. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

25. At all relevant times, the Audi Defendants, ZF Airbag Germany, and John Doe Component Supplier, according to their respective roles, designed, engineered, tested, manufactured, assembled, integrated, marketed, distributed, and/or placed into the stream of commerce the supplemental restraint system installed in the Vehicle, including the airbag control module, crash-sensing system, driver's inflator, airbag module, and related deployment components.

26. Defendants owed Plaintiffs and other foreseeable users of the vehicle a duty to exercise reasonable care in the design, engineering, testing, validation, and integration of the airbag restraint system so that it would function safely during foreseeable collision events.


EXHIBIT C

EXHIBIT C

27. Defendants breached those duties by designing and approving a restraint system that was unreasonably dangerous and defective.

28. Specifically, the restraint system was defectively designed in that it permitted deployment of the airbag system under circumstances where deployment was not reasonably necessary and failed to ensure that the inflator and airbag module would safely contain propellant materials during deployment.

29. As a result of these design defects, the airbag restraint system deployed during a relatively minor collision event and expelled solid propellant particles into the passenger compartment of the vehicle.

30. A properly designed airbag restraint system should deploy only during appropriate crash conditions and should contain propellant materials within the inflator and filtration system during deployment so that solid debris is not released into the vehicle interior.

31. The restraint system installed in the Vehicle failed to meet these fundamental safety requirements.

32. At the time the restraint system was designed, safer alternative designs existed that would have reduced or eliminated the risk of the type of malfunction experienced by Plaintiffs. These safer alternative designs included, among other things, improved crash detection and deployment threshold calibration, improved inflator containment and filtration systems, and improved module design to prevent the release of propellant material during deployment.

33. Defendants knew or, in the exercise of ordinary care, should have known that the restraint system as designed posed an unreasonable risk of harm to vehicle occupants.

34. Despite this knowledge, Defendants continued to design, manufacture, and distribute vehicles equipped with the defective restraint system.


EXHIBIT C

EXHIBIT C

35. Defendants' conduct constitutes negligence.

36. Defendants' conduct further constitutes gross negligence and willful and wanton conduct in that Defendants' acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to vehicle occupants, and Defendants had actual, subjective awareness of the risks associated with the design of the restraint system but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

37. As a direct and proximate result of Defendants' negligence, gross negligence, and willful and wanton conduct in the design of the restraint system, Plaintiffs sustained injuries and damages.

**SECOND CLAIM FOR RELIEF**

**(Strict Products Liability–Design Defect)**
**as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Airbag Germany GmbH, and John Doe Component Supplier**

38. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

39. The Audi Defendants, ZF Airbag Germany, and John Doe Component Supplier, according to their respective roles, designed, manufactured, assembled, integrated, marketed, distributed, and/or placed into the stream of commerce the supplemental restraint system installed in the Vehicle, including the airbag control module, crash-sensing system, driver's inflator, airbag module, and associated deployment components.

40. The airbag restraint system reached Plaintiffs without substantial change in the condition in which it was designed, manufactured, and distributed by Defendants.

41. The restraint system was defectively designed and unreasonably dangerous at the time it left the control of Defendants.


EXHIBIT C

EXHIBIT C

42. Specifically, the restraint system was defectively designed in that it permitted airbag deployment during a relatively minor collision event and failed to safely contain propellant materials within the airbag inflator and module during deployment, resulting in the expulsion of solid propellant particles into the passenger compartment.

43. The expulsion of propellant debris during airbag deployment is not an intended or acceptable characteristic of a properly designed airbag system and presents an unreasonable risk of injury to vehicle occupants.

44. At the time the restraint system was designed, there existed safer alternative designs that would have prevented or significantly reduced the risk of the occurrence experienced by Plaintiffs without substantially impairing the utility of the airbag system.

45. Such safer alternative designs included, among other things, improved crash detection and deployment threshold calibration, improved inflator containment and filtration systems, and improved module and inflator design to prevent the release of propellant materials during deployment.

46. The design defects in the restraint system were a producing cause of Plaintiffs' injuries and damages.

47. Because the restraint system was defectively designed and unreasonably dangerous when it left the control of Defendants, Defendants are strictly liable for the damages suffered by Plaintiffs.

## THIRD CLAIM FOR RELIEF

### (Negligence, Gross Negligence, and Willful and Wanton Conduct–Manufacturing Defect) as to ZF Airbag Germany GmbH and John Doe Component Supplier

48. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.


EXHIBIT C

49. ZF Airbag Germany designed and manufactured the driver's airbag inflator installed in the Vehicle. John Doe Component Supplier designed, manufactured, assembled, tested, distributed, and/or supplied the driver airbag module, control module, crash-sensing system, and/or related components installed in the Vehicle.

50. These Defendants owed Plaintiffs and other foreseeable users of the vehicle a duty to exercise reasonable care in the manufacture, assembly, inspection, and quality control of the airbag module, inflator, and associated components so that the restraint system would deploy safely and without releasing hazardous materials into the passenger compartment.

51. Defendants breached those duties by manufacturing and assembling the airbag module and inflator in a defective condition.

52. Specifically, the airbag module and/or inflator installed in the Vehicle was improperly manufactured or assembled such that solid propellant material was not properly contained within the inflator housing and filtration system during deployment.

53. As a result of this manufacturing defect, multiple solid propellant fragments were expelled from the airbag system during deployment and entered the passenger compartment of the vehicle.

54. Airbag inflator systems are designed so that propellant materials remain contained within the inflator during deployment and are converted into gas used to inflate the airbag cushion. Properly manufactured inflators include filtration and containment systems designed to prevent propellant fragments or other debris from entering the airbag cushion or passenger compartment.

55. The expulsion of propellant fragments into the vehicle interior demonstrates that the airbag module and/or inflator installed in the Vehicle deviated from its intended design and from other units manufactured according to the same specifications.


EXHIBIT C

EXHIBIT C

56. Defendants knew or, in the exercise of ordinary care, should have known that defects in the manufacturing or assembly of airbag inflators and modules could result in the expulsion of hazardous debris during deployment and pose a serious risk of injury to vehicle occupants.

57. Despite this knowledge, Defendants failed to implement adequate manufacturing controls, inspection procedures, testing protocols, and quality assurance measures to ensure that the airbag module and inflator were manufactured in accordance with safe specifications.

58. Defendants' conduct constitutes negligence.

59. Defendants' conduct further constitutes gross negligence and willful and wanton conduct in that Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of harm to vehicle occupants, and Defendants had actual, subjective awareness of those risks but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

60. As a direct and proximate result of these manufacturing defects and Defendants' negligent and grossly negligent conduct, Plaintiffs sustained injuries and damages.

**FOURTH CLAIM FOR RELIEF**

**(Strict Products Liability–Manufacturing Defect)**
**as to ZF Airbag Germany GmbH and John Doe Component Supplier**

61. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

62. ZF Airbag Germany designed, manufactured, and placed into the stream of commerce the subject driver's airbag inflator. John Doe Component Supplier designed, manufactured, assembled, marketed, distributed, and/or placed into the stream of commerce the


EXHIBIT C

EXHIBIT C

driver airbag module, control module, crash-sensing system, and/or associated components installed in the Vehicle.

63. The airbag module and inflator reached Plaintiffs without substantial change in the condition in which they were manufactured and distributed by Defendants.

64. The airbag module and inflator installed in the Vehicle were defective and unreasonably dangerous at the time they left the control of Defendants because they deviated from their intended design and from other units manufactured according to the same specifications.

65. Specifically, the airbag inflator and/or module failed to properly contain propellant material during deployment and expelled solid propellant fragments into the passenger compartment of the vehicle.

66. Airbag inflators are designed so that solid propellant material remains contained within the inflator housing and internal filtration systems during deployment and is converted into gas used to inflate the airbag cushion. The release of propellant fragments into the vehicle interior demonstrates that the inflator and/or module in the Vehicle was improperly manufactured, assembled, or constructed.

67. Because the airbag module and inflator deviated from their intended design and functioned in a manner that was unreasonably dangerous to vehicle occupants, the product was defective.

68. The manufacturing defects in the airbag module and inflator were a producing cause of Plaintiffs' injuries and damages.

69. Accordingly, Defendants are strictly liable for the damages suffered by Plaintiffs.

**FIFTH CLAIM FOR RELIEF**

**(Strict Products Liability–Failure to Warn / Marketing Defect)**


EXHIBIT C

EXHIBIT C

**as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Airbag Germany GmbH, and John Doe Component Supplier**

70. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

71. At all relevant times, Defendants designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce the airbag restraint system installed in the Vehicle, including the airbag control module, crash sensing system, airbag inflator, airbag module, and associated deployment components.

72. Defendants had a duty to provide adequate warnings and instructions regarding the risks and dangers associated with the use and operation of the airbag restraint system.

73. Defendants knew or, in the exercise of reasonable care, should have known that defects in the airbag restraint system could cause the system to deploy improperly and could result in the release of hazardous debris or propellant material during deployment.

74. Despite this knowledge, Defendants failed to adequately warn vehicle purchasers and users of the risks associated with the restraint system.

75. Specifically, Defendants failed to warn that the airbag restraint system could deploy under circumstances involving relatively minor collision events and could release hazardous debris or propellant material into the passenger compartment during deployment.

76. The absence of adequate warnings and instructions rendered the airbag restraint system unreasonably dangerous.

77. If proper warnings had been provided, Plaintiffs and other users of the vehicle could have taken precautions to reduce or avoid the risk of injury associated with the defective restraint system.


EXHIBIT C

EXHIBIT C

78. Defendants' failure to provide adequate warnings and instructions was a producing cause of Plaintiffs' injuries and damages.

79. Accordingly, Defendants are strictly liable for the damages suffered by Plaintiffs.

**SIXTH CLAIM FOR RELIEF**

**(Negligence–Failure to Warn)**
**as to Audi AG, Audi of America, LLC, Volkswagen Group of America, Inc., ZF Airbag Germany GmbH, and John Doe Component Supplier**

80. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

81. At all relevant times, Defendants designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce the airbag restraint system installed in the Vehicle, including the airbag control module, crash sensing system, airbag inflator, airbag module, and associated deployment components.

82. Defendants owed Plaintiffs and other foreseeable users of the vehicle a duty to exercise reasonable care to provide adequate warnings and instructions regarding the risks associated with the use and operation of the airbag restraint system.

83. Defendants knew or, in the exercise of ordinary care, should have known that defects in the airbag restraint system could cause the system to deploy improperly and could result in the expulsion of hazardous debris or propellant material during deployment.

84. Despite this knowledge, Defendants failed to exercise reasonable care in warning vehicle purchasers and users of the risks associated with the restraint system.

85. Defendants failed to provide adequate warnings or instructions informing users that the airbag restraint system could deploy during relatively minor collision events or that defects in the inflator or module could result in the release of propellant debris during deployment.


EXHIBIT C

EXHIBIT C

86. A reasonably prudent manufacturer and distributor under the same or similar circumstances would have provided adequate warnings and instructions to reduce or eliminate the risk of harm associated with the restraint system.

87. Defendants' failure to provide adequate warnings and instructions constitutes negligence.

88. Defendants' negligent failure to warn was a proximate cause of Plaintiffs' injuries and damages.

## SEVENTH CLAIM FOR RELIEF

**(Breach of Implied Warranty of Merchantability)**
**as to Audi of America, LLC, Volkswagen Group of America, Inc., ZF Airbag Germany GmbH, and John Doe Component Supplier**

89. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

90. At all relevant times, Defendants Audi of America, LLC, Volkswagen Group of America, Inc., ZF Airbag Germany GmbH, and John Doe Component Supplier were engaged in the business of designing, manufacturing, marketing, distributing, and selling vehicles and vehicle components, including the airbag restraint system installed in the Vehicle.

91. When Defendants placed the vehicle and its airbag restraint system into the stream of commerce, they impliedly warranted that the vehicle and its component parts were merchantable and fit for their ordinary and intended purposes.

92. The ordinary and intended purpose of an airbag restraint system is to deploy safely during appropriate collision events in order to protect vehicle occupants from injury without creating additional hazards.


EXHIBIT C

EXHIBIT C

93. The airbag restraint system installed in the Vehicle was not merchantable and was not fit for its ordinary and intended purpose because it deployed improperly and expelled solid propellant material into the passenger compartment of the vehicle during deployment.

94. As a result, the vehicle and its airbag restraint system were defective and unfit for their ordinary use.

95. Defendants breached the implied warranty of merchantability when they sold and distributed the defective vehicle and restraint system.

96. Plaintiffs relied on Defendants' implied warranties that the vehicle and its safety systems were safe and fit for their intended use.

97. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs sustained injuries and damages.

**EIGHTH CLAIM FOR RELIEF**

**(Negligence and Gross Negligence as to Barry James Mitchell)**

98. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

99. The injuries to Plaintiffs resulted from the negligence of Defendant Mitchell who owed a duty to Plaintiffs to use reasonable care in the operation of his vehicle in the subject parking and traffic area at the time of the subject crash.

100. Defendant Mitchell's negligence, carelessness, and reckless disregard of his duty consisted of the following acts and omissions, based on the information currently available to Plaintiff:

a. Defendant failed to drive an appropriate speed for the conditions;

b. Defendant failed to maintain a single lane of travel;


EXHIBIT C

EXHIBIT C

c. Defendant failed to maintain a proper lookout;

d. Defendant failed to control the speed of his vehicle;

e. Defendant failed to properly exercise control of his vehicle;

f. Defendant failed to safely operate the vehicle at issue;

g. Defendant failed to take proper evasive actions;

h. Defendant failed to yield to the right of way of Plaintiff;

i. Defendant failed to timely apply the brakes to avoid the collision; and

j. Other negligent acts.

101. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages complained of herein.

102. Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein. Plaintiffs would show the Court and Jury that the conduct of Defendant Mitchell described herein constitutes gross negligence as defined in Texas Civil Practice and Remedies Code section 41.001(11). Defendant Mitchell is liable to Plaintiffs for gross negligence—to wit:

a. Mitchell's conduct, viewed objectively from his standpoint at the time, involved an extreme degree of risk considering the probability and magnitude of potential harm to others; and
b. Mitchell had actual, subjective awareness of that risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs and others.

103. Mitchell's negligent and grossly negligent conduct proximately caused the occurrence and Plaintiffs' resulting injuries and damages. Plaintiffs seek exemplary damages to the extent permitted by law.

**NINTH CLAIM FOR RELIEF**

**(Exemplary Damages Based on Gross Negligence)**
**as to Product Defendants and Barry James Mitchell**


EXHIBIT C

EXHIBIT C

104. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

105. Plaintiffs seek exemplary damages against those Defendants whose conduct constitutes gross negligence as alleged herein.

106. At all relevant times, the Audi Defendants and the Inflator and Component Defendants (collectively, the "Product Defendants") were responsible, according to their respective roles, for the design, manufacture, testing, validation, integration, marketing, distribution, and/or supply of the airbag restraint system installed in the Vehicle.

107. The Product Defendants knew, or in the exercise of reasonable care should have known, that defects in the airbag restraint system could result in improper deployment and the expulsion of hazardous debris or propellant material during deployment, creating a serious risk of injury to occupants.

108. Despite this knowledge, the Product Defendants continued to design, manufacture, distribute, and/or supply the restraint system without adequate design safeguards, manufacturing controls, testing procedures, or warnings.

109. The Product Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of potential harm to vehicle occupants.

110. The Product Defendants had actual, subjective awareness of the risks associated with the defective restraint system but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

111. The Product Defendants' acts and omissions, and Mitchell's separate conduct alleged above, constitute gross negligence to the extent established by clear and convincing evidence under Texas Civil Practice and Remedies Code section 41.001.


EXHIBIT C

EXHIBIT C

112. Plaintiffs seek exemplary damages against each Defendant whose gross negligence is proven, in an amount permitted by Texas Civil Practice and Remedies Code Chapter 41.

**TENTH CLAIM FOR RELIEF**

**(Statutory Seller Liability)**
**as to Volkswagen Group of America, Inc., Audi of America, LLC, and Cavender Autoworks, Ltd. d/b/a Audi Dominion**

113. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

114. VWGoA, Audi America, and Cavender each constitute or may constitute a "seller" within Texas Civil Practice and Remedies Code section 82.001(3) because their respective roles included distributing, placing into commerce, or selling the Q8 or a relevant product. To the extent any such entity is also proved to be a “manufacturer” under section 82.001(4), Plaintiffs assert the direct product-liability and negligence theories supported by that role.

115. To the extent any such entity is a nonmanufacturing seller, Plaintiffs plead the exceptions in section 82.003 that the evidence establishes. In particular, and in the alternative to Plaintiffs’ jurisdictional allegations, section 82.003(a)(7)(B) applies if the manufacturer of the Q8, driver-airbag system, module, inflator, or other relevant component is not subject to the jurisdiction of the Court.

116. Cavender’s presently alleged role is limited to its sale of this exact VIN, pre-delivery inspection, and subsequent service history. Plaintiffs do not presently allege that Cavender designed or manufactured the airbag system, altered an airbag component, or possessed actual knowledge of a defect. Plaintiffs assert seller liability against Cavender under section 82.003(a)(7)(B) only if and to the extent its statutory prerequisites are established.


EXHIBIT C

EXHIBIT C

117. As to VWGoA and Audi America, Plaintiffs also plead any other section 82.003 exception established through discovery concerning their respective control over warnings or instructions, express factual representations, actual knowledge, product alteration, or substantial participation in design or integration. These allegations are made in the alternative and are not admissions that either entity was merely a nonmanufacturing seller.

## VI.
## AGENCY, VICARIOUS LIABILITY, AND PROPORTIONATE RESPONSIBILITY

118. Each corporate Defendant acted through its officers, employees, agents, and authorized representatives within the course and scope of their authority or employment. Plaintiffs seek vicarious liability only to the extent established by the evidence. Plaintiffs further request submission of responsibility and judgment in accordance with Texas Civil Practice and Remedies Code chapter 33, including joint and several liability only where authorized by law.

## VII.
## DAMAGES

119. As a result of the occurrence, Plaintiffs seek the categories of compensatory damages legally recoverable and proved at trial, including:

a. past and future physical pain and mental anguish;
b. past and future physical impairment and disfigurement;
c. past and future reasonable and necessary medical expenses;
d. past lost earnings and future loss of earning capacity;
e. loss of consortium and household services to the extent legally recoverable;
f. property damage and loss of use to the extent proved; and
g. prejudgment and postjudgment interest and taxable court costs.

## VIII.
## JURY DEMAND AND REQUIRED DISCLOSURES

120. Plaintiffs demand a jury trial and have paid or will timely pay the jury fee. The parties must make disclosures as required by Texas Rule of Civil Procedure 194 and the Court's orders.


EXHIBIT C

EXHIBIT C

## IX.
## PRESERVATION AND INSPECTION

121. Plaintiffs demand preservation of all tangible and electronically stored evidence relevant to the occurrence, the Q8, the driver frontal-airbag system and its components, vehicle and component histories, engineering and manufacturing records, quality-control data, testing, claims, complaints, field reports, regulatory communications, warranties, warnings, service information, photographs, videos, event data, and communications. No party or nonparty in possession of the Q8 or its restraint-system evidence should conduct destructive testing, disassembly, download, alteration, repair, transfer, or disposal without reasonable written notice and an opportunity for all interested parties to participate or object.

## X.
## CONDITIONS PRECEDENT

122. All conditions precedent to Plaintiffs' claims have occurred, have been performed, or have been waived.

## XI.
## PRAYER

123. Plaintiffs request issuance of citation for Audi AG, ZF Airbag Germany GmbH, and Barry James Mitchell; service of the German Defendants under the Hague Service Convention; and service on all other parties as required by law. Plaintiffs do not request issuance of citation for Cavender unless and until the Court signs an order reinstating Cavender. Plaintiffs further request judgment for the compensatory damages proved and legally recoverable, prejudgment and postjudgment interest, taxable costs, and all other legal or equitable relief to which Plaintiffs are entitled.

Respectfully submitted,


EXHIBIT C

**PERKINS & PERKINS**

By: ***/s/ John C. Duff***
Jared Perkins
Texas Bar No. 24106675
jared@perkinsperkinslaw.com
Eric D. Perkins
Texas Bar No. 15785060
eric@perkinsperkinslaw.com
John C. Duff
Texas Bar No. 24086979
Jduff@perkinsperkinslaw.com
2203 Baldwin Blvd.
Corpus Christi, TX 78405
Tel. (361) 853-2120
Fax. (361) 333-8066

And

**LUCHNICK LAW FIRM**
Sean M. Luchnick
State Bar No. 24102117
sean@luchnicklawfirm.com
Kassidee K. Luchnick
State Bar No. 24093928
kassidee@luchnicklawfirm.com
15900 La Cantera Parkway, Suite 26215
San Antonio, Texas 78256
Telephone 210.342.9310
Facsimile 210.342.9390

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiffs' Second Amended Petition was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 27th day of August, 2026.

***/s/ John C. Duff***
John C. Duff


EXHIBIT C

EXHIBIT C

**CAUSE NO. 2025CI19148**

| | | |
|---|---|---|
| **CASEY WIATREK, INDIVIDUALLY, AND AS NEXT FRIEND OF, B.T., A MINOR CHILD, AND KRISTOPHER TINCH,** | § | **IN THE DISTRICT COURT** |
| ***Plaintiffs*,** | § | |
| | § | |
| **v.** | § | **224TH JUDICIAL DISTRICT** |
| | § | |
| **VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, AUDI AG, ZF AIRBAG GERMANY GMBH, CAVENDER AUTOWORKS, LTD., d/b/a AUDI DOMINION, BARRY JAMES MITCHELL, AND JOHN DOE COMPONENT SUPPLIER,** | § | |
| ***Defendants*.** | § | **BEXAR COUNTY, TEXAS** |

**ORDER ON PLAINTIFFS' MOTION TO WITHDRAW NONSUIT AS TO CAVENDER AUTOWORKS, LTD. D/B/A AUDI DOMINION AND REINSTATE CLAIMS**

On this day, the Court considered Plaintiffs' Motion to Withdraw Nonsuit as to Cavender Autoworks, Ltd. d/b/a Audi Dominion and Reinstate Claims. After considering the motion, the record, any response, and the arguments of counsel, the Court finds that the motion should be GRANTED.

IT IS THEREFORE ORDERED that the portion of Plaintiffs' March 4, 2026 Notice of Nonsuit dismissing Cavender Autoworks, Ltd. d/b/a Audi Dominion without prejudice is WITHDRAWN AND SET ASIDE.

IT IS FURTHER ORDERED that Plaintiffs' claims against Cavender Autoworks, Ltd. d/b/a Audi Dominion are REINSTATED in Cause No. 2025CI19148.

IT IS FURTHER ORDERED that the portions of the March 4, 2026 Notice of Nonsuit concerning ZF-TRW Automotive Holdings Corp. and Faurecia USA Holdings, Inc. remain effective and are not affected by this Order.


EXHIBIT C

IT IS FURTHER ORDERED that Plaintiffs' Second Amended Petition filed on August 27, 2026 is operative as to Cavender Autoworks, Ltd. d/b/a Audi Dominion upon entry of this Order. The District Clerk may issue citation upon Plaintiffs' request for service, and Cavender shall have the time provided by law to answer after service.

All relief not expressly granted in this Order is denied. This is an interlocutory order and does not dispose of all claims or parties.

SIGNED on ________________________________, 2026.

____________________________________________
**JUDGE PRESIDING**


EXHIBIT C